Johns v. TDPRS 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00082-CV







Deborah Ann Johns, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-00336, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING






 The Texas Department of Protective and Regulatory Services (the "Department"), appellee,
brought a suit affecting the parent-child relationship to terminate the parental rights of appellant Deborah
Ann Johns. After a bench trial, the district court ordered Johns's parental rights terminated. See Tex. Fam.
Code Ann. § 161.001 (West 1996). We will affirm the district court's order.



FACTUAL AND PROCEDURAL BACKGROUND


 Shortly after the birth of Johns's daughter Sabrina on January 6, 1995, the Department took
Sabrina into protective custody. A Child Protective Services investigator found that Johns had been
diagnosed as a paranoid schizophrenic who believed that her phones were bugged and that people were
poisoning her, drugging her, and generally out to get her.

 Johns has consistently refused to take any type of medication or seek psychiatric help for
her delusions. Expert testimony revealed that Johns's psychiatric disorders could be treated through
medication or therapy. Nonetheless, Johns continually refuses treatment. Johns was recently placed in
treatment, but after one session she stopped attending.

 Sabrina is Johns's second child. Johns's first daughter, Tiffany, was born in 1984. After
Tiffany's birth, Johns voluntarily relinquished her parental rights to Tiffany based on her inability to care for
the child. Tiffany has lived with Johns's father and stepmother since her birth.

 The Department brought suit to terminate the parent-child relationship between Johns and
Sabrina on January 10, 1995. At trial, the Department argued that the relationship between Johns and
Sabrina should be terminated pursuant to sections 161.001(1)(D) and (E) of the Texas Family Code. (1) In
its order of termination, the district court found that Johns engaged in conduct that endangered Sabrina's
emotional or physical well-being, and that termination was in the best interest of the child. (2) Johns appeals.



DISCUSSION


 In her first and second points of error, Johns attacks the legal and factual sufficiency of the
evidence underlying the trial court's judgment that Johns engaged in conduct that endangered Sabrina's
physical and emotional well-being. (3) The termination of parental rights involves fundamental constitutional
rights. See Stanley v. Illinois, 405 U.S. 645, 651 (1972). Therefore, the finding that parental rights
should be terminated must be supported by clear and convincing evidence. Tex. Fam. Code. Ann.
§ 161.001 (West 1996); In re G.M., 596 S.W.2d 846, 847 (Tex. 1980). The "clear and convincing"
standard requires a degree of proof that will produce in the mind of the fact-finder a firm belief or conviction
as to the truth of the matters sought to be proved. Id.

 In reviewing a challenge to the legal sufficiency of the evidence, the court is to consider only
the evidence and inferences tending to support the court's findings and disregard all evidence and inferences
to the contrary. Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987). If there is more than a scintilla
of evidence supporting the district court's finding that Johns engaged in a course of conduct that endangered
the emotional or physical well-being of the child, Johns's complaint must be overruled and the findings
upheld. See Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). In reviewing the factual sufficiency
of evidence, the court must consider and weigh all the evidence and should set aside the judgment only if
it is so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust. Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986). The clear-and-convincing standard of proof does not alter the
appropriate standard of appellate review. D.O. v. Texas Dep't of Human Servs., 851 S.W.2d 351, 353
(Tex. App.Austin 1993, no writ).

 Johns contends there is no evidence that her conduct directly endangered Sabrina. It is
well settled, though, that endangering conduct need not be directed at the child or that the child actually
suffer harm to endanger the child's welfare. See In re M.C., 917 S.W.2d 268, 269 (Tex. 1996); In re
C.D., 664 S.W.2d 851, 853 (Tex. App.--Fort Worth 1984, no writ); Allred v. Harris County Child
Welfare Unit, 615 S.W.2d 803 (Tex. Civ. App.Houston [1st Dist.] 1980, no writ). While mental
incompetence or mental illness alone is not grounds for termination of the parent-child relationship, when
the parent's mental state endangers the physical or emotional well-being of the child, that conduct has
relevance in a termination proceeding. See Carter v. Dallas County Child Welfare Unit, 532 S.W.2d
140, 142 (Tex. Civ. App.Dallas 1976, no writ).

 At trial, Dr. Pruess, a psychiatrist who examined Johns, testified that Johns was suffering
from two types of delusional disorders, but that her delusions do not interfere with her ability to understand
her conduct and what her conduct means to other people. Thus, Johns had the ability to understand that
her refusal to take her medication or get psychiatric help would affect her ability to provide for her child,
both physically and emotionally. A Department investigator testified that Johns's refusal to take any type
of medication or seek psychiatric help constituted a course of conduct which endangered the emotional
well-being of the child.

 Johns is also unable to locate adequate living arrangements for Sabrina. At the time of
Sabrina's birth, Johns was staying at the Center for Battered Women's shelter because the child's natural
father had been physically abusing her. (4) Despite this physical abuse, Johns returned to that home soon after
giving birth. Such abusive and violent conduct by a resident of an infant's home can produce an
environment that endangers the child's physical and emotional well-being. See In re B.R., 822 S.W.2d
103, 106 (Tex. App.Tyler 1991, writ denied). At the present time, Johns no longer resides with Sabrina's
natural father, but relies on places such as the Salvation Army and the Center for Battered Women for her
primary places of residence. Further, Johns testified she was unemployed and had no way of taking care
of Sabrina or herself.

 There is also evidence that Johns directly endangered Sabrina's well-being. During the trial,
Johns testified to smoking marijuana and drinking beer throughout her pregnancy with Sabrina. According
to Johns,she drank two to three beers a day and smoked marijuana about once a week.

 In addition, harm to Sabrina's well-being is further evidenced by Johns's current lack of
effort to establish a relationship with her. By the time of trial, Johns had missed more than eighteen
scheduled visits with Sabrina.

 Reviewing the evidence and the inferences that follow, we hold that the evidence is legally
sufficient to support the district court's termination of Johns's parental rights. Further, after reviewing the
entire record we conclude that the trial court's finding is not so contrary to the overwhelming weight of the
evidence as to be manifestly unjust. We overrule points of error one and two.



CONCLUSION


 Having overruled Johns's two points of error, we affirm the judgment of the district court.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: December 5, 1996

Do Not Publish

1.   Section 161.001 provides:


 The court may order termination of the parent-child relationship if the court
finds by clear and convincing evidence:


 (1) that the parent has:

 

 * * *

 

 (D) knowingly placed or knowingly allowed the child to remain in
conditions or surroundings which endanger the physical or
emotional well-being of the child; or


 (E) engaged in conduct or knowingly placed the child with persons
who engaged in conduct which endangers the physical or
emotional well-being of the child; . . . and 


 * * *


 (2) that termination is in the best interest of the child.


Tex. Fam. Code Ann. (West 1996) (formerly Tex. Fam. Code § 15.01). 
2.   See Tex. Fam. Code Ann. § 161.206(a) (West 1996).
3.   Johns does not contest the district court's determination that the termination of the
parent-child relationship is in Sabrina's best interest. See Tex. Fam. Code Ann. § 161.001(2)
(West 1996).
4.   The child's father voluntarily relinquished his parental rights.


"font-family: CG Times"> Johns is also unable to locate adequate living arrangements for Sabrina. At the time of
Sabrina's birth, Johns was staying at the Center for Battered Women's shelter because the child's natural
father had been physically abusing her. (4) Despite this physical abuse, Johns returned to that home soon after
giving birth. Such abusive and violent conduct by a resident of an infant's home can produce an
environment that endangers the child's physical and emotional well-being. See In re B.R., 822 S.W.2d
103, 106 (Tex. App.Tyler 1991, writ denied). At the present time, Johns no longer resides with Sabrina's
natural father, but relies on places such as the Salvation Army and the Center for Battered Women for her
primary places of residence. Further, Johns testified she was unemployed and had no way of taking care
of Sabrina or herself.

 There is also evidence that Johns directly endangered Sabrina's well-being. During the trial,
Johns testified to smoking marijuana and drinking beer throughout her pregnancy with Sabrina. According
to Johns,she drank two to three beers a day and smoked marijuana about once a week.

 In addition, harm to Sabrina's well-being is further evidenced by Johns's current lack of
effort to establish a relationship with her. By the time of trial, Johns had missed more than eighteen
scheduled visits with Sabrina.

 Reviewing the evidence and the inferences that follow, we hold that the evidence is legally
sufficient to support the district court's termination of Johns's parental rights. Further, after reviewing the
entire record we conclude that the trial court's finding is not so contrary to