**WHATLEY v. NELSON et al.**

No. 13317.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 13, 1935.

Rehearing Denied Oct. 11, 1935.

G. H. Crane, of Dallas, for appellant.

Earl R. Parker, of Dallas, for appellees.

MARTIN, Justice.

The record in this case, briefly stated, shows that some years ago Ollie Whatley and his wife, Vera Whatley, were divorced. They have a son, Robert Clifton Whatley, who has become, without fault on his part, the "bone of contention" in this litigation. Both of Robert's parents remarried and the father resides with his latest spouse in the city of Fort Worth, the mother with her latest spouse in the city of Dallas.

As so often happens when a home is broken up by divorce, the son, Robert, after the remarriage of his parents, became a "dependent and neglected child," and, at the suit of the juvenile officer of Dallas county, was so declared by the district court of said county on the 1st day of September, 1932. The father appeared by attorney at the dependency trial and his attorney agreed to the judgment of the court. The court awarded the custody of the boy to Ira Nelson, the husband of Robert's mother.

Two years and two months later, on October 29, 1934, the father, Ollie Whatley, filed his motion to reform the judgment on ground of changed conditions and prayed for the custody of the child. The juvenile officer and Ira Nelson filed answers and joined issue with Whatley, pleading that the boy's present custody and environments were better than those of Whatley. A jury was called for, and in answer to special issues submitted the jury found for the father on each issue.

A motion for judgment was made by Whatley and a motion for new trial by the juvenile officer and Nelson.

After hearing some evidence on the motion for new trial (in which proceeding the court very properly, as we think, made some independent inquiries on his own motion), the court made an order setting aside the verdict of the jury and awarding judgment non obstante veredicto denying the prayer of the father and changing the cus-

tody of the child from that of his stepfather and awarding his custody, until further orders of the court, to his stepgrandmother, Mrs. Lee Nelson.

The father duly excepted to the judgment and gave notice of appeal to the Court of Civil Appeals of the Fifth District and the cause has been transferred here by the Supreme Court.

The State Constitution and the statutes passed thereunder give large powers and exclusive jurisdiction in questions of the custody of dependent and neglected children to the district court. Whittenberg v. Craven (Tex. Com. App.) 258 S. W. 152; Article 2329, R. S. In the exercise of such power the district judge has just one question to decide, that is, what is best for the child?

We are furnished with no statement of facts proven in the trial of this case, the only evidence brought forward being that introduced on.motion for a new trial.

In the absence of a complete statement of the facts at trial in this character of case, we cannot say that the trial judge abused his discretion in setting aside the verdict and rendering the judgment he did. Said judgment is therefore affirmed.