Johnny DE FUR et ux., Appellants,

v.

Tommy L. SPEERS et ux., Appellees.

No. 16189.

Court of Civil Appeals of Texas.

Dallas.

June 14, 1963.

Rehearing Denied July 19, 1963.

Flannigan, Sample & Patterson, J. Tom Sample, Dallas, for appellants.

Gibbs & Hooks, Dallas, for appellees.

BATEMAN, Justice.

This *habeas corpus* proceeding involves the right to custody of two little boys. Appellees alleged that they were the natural parents; that appellants obtained possession of the children by fraudulent misrepsentation inducing the natural mother to surrender such possession, but that the natural father had never consented to adoption or given legal authority to the appellants to restrain such minor children. Appellants answered that Tommy L. Speers, the natural father of the children, abandoned them on or about March 26, 1960, leaving them to the care, custody and control of appellants, making no contribution whatever to the support of the children commensurate with his ability to do so, and that on or about June 24, 1960 Judith Ann Speers, the natural mother of the children, abandoned them to the care, custody and control of appellants under a written agreement consenting to their adoption of the children; that appellants are fit and proper persons to retain the care, custody and control of the children and that it would be to their best interest that no change in their custody be made. Appellants also filed a cross-action setting forth substantially the same facts alleged in their answer, adding that on April 4, 1962 they had filed their petition for leave to adopt the children, and praying that the children be adjudicated dependent and neglected children, and for temporary custody of them pending final hearing of this suit as well as of the adoption proceedings.

On June 21, 1962, after a non-jury hearing, the trial court entered an order granting the writ of *habeas corpus* and denying the appellants' claim that the children were dependent and neglected. Material findings of fact filed by the court were:

(1) That appellants have had the exclusive care, custody, maintenance, support and control of the children on a voluntary basis since June 24, 1960, and that they have not at any time filed any action in any court regarding the guardianship or custody of the children save and except their cross-action filed in this case and the adoption petition filed on April 4, 1962, after the filing of this suit by the natural parents.

(2) That on June 24, 1960, Judith Ann Speers, the natural mother of the children, voluntarily executed a written agreement surrendering and transferring to appellants her parental rights to said children and consenting that appellants might adopt them; that the natural father did not join in this consent.

(3) That on or about March 26, 1960 the natural father, Tommy L. Speers, voluntarily left his wife and minor children and went to California, and did not communicate his whereabouts to his family until about November 21, 1960, at which time the natural mother went to California to join her husband.

(4) That in January 1961 appellees became financially able to care for and maintain the minor children, had they elected to do so, and had they been in their physical custody and control.

(5) That from November 21, 1960 until shortly before the filing of this suit appellees remained in California but made certain efforts from time to time to communicate with their children and with appellants, who had moved temporarily to Houston, but were unable to do so.

(6) That on April 4, 1962, twelve days after the filing of this action, appellants filed their petition for leave

to adopt the minor children, and that on May 30, 1962 the natural mother, Judith Ann Speers, filed an instrument in the adoption proceeding withdrawing her consent thereto.

(7) That since the spring of 1960 the appellees have not contributed or offered to contribute towards the maintenance and support of the minor children, save and except that they filed this proceeding on March 23, 1962 and upon the hearing thereof established their willingness and ability to assume full financial responsibility and parental control of their said minor children.

The court's conclusions of law were:

(1) there is no question as to the moral character or fitness of appellants and that appellants and appellees are fit and proper persons to have the custody of said minor children;

(2) that in accordance with the provisions of Art. 2330, Vernon's Ann.Tex. Civ.St. the children are not dependent and neglected children, and that appellees' application for *habeas corpus* and return of the physical custody of their children to them should be granted.

Appellants present only two points of error on appeal, as follows:

1. "The trial court erred in its conclusion of law to the effect that said minor children are not dependent and neglected children."

2. "The trial court erred in its conclusion that, as a matter of law, it could not consider prior dependency and neglect but could only consider the circumstances as they existed *at the time of hearing* in the trial court."

■ In the absence of a statement of facts, we must presume that the trial court heard sufficient testimony to support its fact findings. 3 Tex.Jur. 540, Sec. 379;

Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551; Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683; Mays v. Pierce, 154 Tex. 487, 281 S.W.2d 79. Art. 2330, Vernon's Ann.Tex.Civ.St., sets forth in detail the various conditions under which children may be said to be dependent and neglected. In making the conclusion of law complained of the trial court impliedly found that none of those conditions existed with respect to these children at the time of the hearing.

■ The rights and welfare of the children are of primary importance and concern in adoption and child custody cases, but this is not to say that the court must award the custody to whomever is better able to furnish the child with pecuniary or material advantages. Pettit v. Engelking, 260 S.W.2d 613, 618, err. ref. n. r. e.

■ The trial court saw and heard the witnesses and his fact findings are not challenged. The conclusion of law complained of was within his discretion, and there is no showing here that such discretion was abused. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790; Whatley v. Nelson, 86 S.W.2d 517, no writ. hist. Appellants' first point is therefore overruled.

■ Their second point must likewise be overruled. In the first place, our search of the entire transcript fails to reveal any conclusion by the trial judge that he could not, or did not, consider the alleged fact that these children had previously been dependent and neglected, but only the circumstances at the time of the hearing. So far as we can determine from the record before us, he did consider all relevant and material evidence introduced at the hearing. However, even if such a conclusion was made, we think it was correct. Evidence of abandonment or neglect of children by their parents in the past cannot be made the basis of a conclusion that the children are in imminent danger of becoming dependent or neglected within the immediate future.

853

"The fact that at some time in the past a parent had been guilty of child neglect or misconduct is not sufficient in itself to deprive the parent of custody of the child, where there is nothing to show that the parent is not presently a fit and capable custodian for the child." Pettit v. Engelking, 260 S.W.2d 613, err. ref. n. r. e.

Finding no reversible error, the judgment will be affirmed.

Affirmed.