Bessie Mae **CARTER**, Appellant,

v.

**DALLAS COUNTY CHILD WELFARE UNIT**, Appellee.

No. 18684.

Court of Civil Appeals of Texas, Dallas.

Dec. 31, 1975.

Rehearing Denied Jan. 29, 1976.

Martin L. Kahn, Irving, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Dallas County Child Welfare Unit brought this action against Bessie Mae Carter and Anderson Carter, the father and mother of Calvin Carter and Andrea Carter, minors, seeking termination of the parent-child relationship and appointment as managing conservator of the children pursuant to Tex. Family Code Ann. §§ 15.02 and 15.05(b) (Vernon 1975). Anderson Carter did not appear. Following trial before the court, the juvenile judge of Dallas County found that Bessie Mae Carter had engaged in conduct which endangered the physical and emotional well-being of the children and that Anderson Carter had failed to support his children in accordance with his ability during a period of one year prior to the filing of the petition. The court found that it would be in the best interest of the children that the parent-child relationship be terminated and that the Dallas County Child Welfare Unit be appointed managing conservator. From this judgment only Bessie Mae Carter appeals. We affirm.

Appellant's primary complaint is that the juvenile court erred in finding that she had engaged in conduct which endangered the physical and emotional well-being of the children, when, as a matter of law, she was mentally incompetent, which is not a ground for termination of parental rights in Tex. Family Code Ann. § 15.02 (Supp.1975). Appellant does not attack the juvenile court's appointment of appellee as managing conservator of the children.

The record is replete with testimony concerning appellant's history of mental illness. She has been uniformly diagnosed as a schizophrenic of the paranoid type. Having been hospitalized numerous times, her prognosis was described as "guarded" which means that it is likely that her disease will be manifested again and that she will continue to live as a potential schizophrenic. Medical experts testified that in all reasonable medical probability, appellant will never be completely cured of her illness.

The two children involved are Calvin Carter, age 15, and Andrea Carter, age 11. The record contains testimony concerning physical mistreatment of the children. Calvin was taken into custody by California authorities because of bruise marks on his arm which resulted from a whipping, given by his mother, with an extension cord. Calvin testified that his mother had struck him with her shoe and had also pushed him into a hot stove. He testified that when he was living with his mother they sometimes did not have enough food and that he did not go to school all the time because his mother told him not to go. Calvin testified that being around his mother made him nervous and frightened and that he was happy in his present home with foster parents. There was also evidence that Bessie Mae Carter did not always take the medication prescribed to control her illness. Dr. Selman, a psychiatrist at Terrell State Hospital, testified that the mother had "engaged in some things that were detrimental to the children" and that she had endangered their lives, emotionally and physically. Two caseworkers from the Department of Child Welfare testified that they did not feel that the children would be safe with their mother and that she was capable of hurting them physically. They recommended permanent severance so that the children would be adoptable and thus could be placed in a permanent home where they would feel that they were a part of a family unit. One caseworker testified that Calvin was extremely nervous when he knew he was going to be around his mother and that he was concerned about the possibility of becoming mentally ill like his mother. She testified that after visiting her mother, the little girl Andrea began taking on certain characteristics of her mother. One caseworker testified that she had observed the mother commit acts which emotionally endangered the children's well-being and that just being in the presence of the mother was an emotional torment for the children.

We agree with appellant that mental incompetence or mental illness alone

is not grounds for termination of the parent-child relationship. Nevertheless, Tex. Family Code Ann. § 15.02(1)(E) does provide as a proper ground for involuntary termination of parental rights:

A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

. . . . .

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child.

Other subdivisions of paragraph (1) utilize terminology which makes the intent or knowledge of the parent a necessary element in dissolving the parent-child relationship. Subdivision (E), however, does not require intent on the part of the parent to engage in conduct which would endanger the child. When a parent's mental state allows or forces him to engage in conduct which endangers the physical or emotional well-being of his child or children, that conduct is evidence which bears upon the advisability of terminating the parent-child relationship. We cannot agree with appellant that evidence of her mental condition, which would have a bearing on the question of intent, prevents the application of this provision of the Family Code. We hold that this record supports the trial court's findings that Bessie Mae Carter had engaged in conduct which had endangered the physical and emotional well-being of Calvin and Andrea Carter and that it would be in the best interests of Calvin and Andrea Carter to terminate the parental rights of Bessie Mae Carter and Anderson Carter. *Altamirano v. Director of Travis County Child Welfare Unit,* 465 S.W.2d 393 (Tex. Civ.App.–Austin 1971, no writ).

Appellant also argues that the evidence introduced was factually insufficient to support the finding that the mother had engaged in conduct which endangered the children because the actions and conduct upon which the testimony was based were too remote and no longer presented a present danger. We do not agree. While it is true that the two children have not been subjected to physical mistreatment by their mother for a period of at least two years, their visits with her have been strictly supervised during that time. The record also conclusively shows a strong possibility that the children would be physically endangered if they were subjected to the control of Bessie Mae Carter. Furthermore, the children's emotional well-being is jeopardized whenever they come in contact with their mother.

Viewing this record as a whole, we find no abuse of discretion on the part of the juvenile judge in finding that Bessie Mae Carter had engaged in conduct that had endangered the physical and emotional well-being of the children and that it would be in the best interest of the children that the parent-child relationship be terminated.

The judgment of the trial court is affirmed.