Martha Dayle WETZEL, Appellant,

v.

John William and Frances
WETZEL, Appellees.

No. 05–86–00040–CV.

Court of Appeals of Texas,
Dallas.

July 11, 1986.

Garland D. Cardwell, Sherman, for appellant.

Jim Dunn, Sherman, for appellees.

Before AKIN, DEVANY and HOWELL, JJ.

DEVANY, Justice.

This case concerns the involuntary termination of the parent-child relationship between Martha Dayle Wetzel and her three children. The genesis of this case occurred when Martha Wetzel brought suit for contempt and for modification against her ex-husband, John Wetzel, alleging that he was not allowing her access to the children as required by the divorce decree of the parties dated June 24, 1982. John Wetzel answered this suit and, in addition, he and his present wife, Frances Wetzel, brought suit for termination of Martha Wetzel's parental rights and for adoption of the children. After a non-jury trial, the court denied all relief sought by Martha Wetzel and terminated Martha Wetzel's parental rights. In Martha Wetzel's four grounds of error, she contends the evidence is insufficient to support termination of her parental rights. We agree consequently, we reverse in part the judgment of the trial court.

The natural right existing between parents and their children is of constitutional dimensions, and, therefore, involuntary termination of parental rights involves fundamental constitutional rights. *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599 (1982); *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972); *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Because fundamental constitutional

rights are involved, the evidence in support of termination must be clear and convincing before a court may involuntarily terminate a parent's rights. *Santosky*, 455 U.S. at 769, 102 S.Ct. at 1403; *Holick*, 685 S.W.2d at 20; *Richardson v. Green*, 677 S.W.2d 497, 500 (Tex.1984). By clear and convincing evidence, we mean that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *In re G.M.*, 596 S.W.2d 846, 847 (Tex.1980); *In re McElheney*, 705 S.W.2d 161, 164 (Tex.App.—Texarkana 1985, no writ). It is the duty of the appellate court in reviewing the evidence to determine, not whether the trier of fact could reasonably conclude that the existence of a fact is more probable than not, as in ordinary civil cases, but whether the trier of fact could reasonably conclude that the existence of the fact is highly probable. *Neiswander v. Bailey*, 645 S.W.2d 835, 836 (Tex.App.—Dallas 1982, no writ).

■ Before parental rights may be terminated, there must be a finding of specific conduct under section 15.02 of the Code[1] as well as a finding that termination is in the best interest of the child. *Richardson v. Green*, 677 S.W.2d at 499; *Wiley v. Spratlan*, 543 S.W.2d 349, 351 (Tex.1976). A judgment terminating a parent-child relationship under section 15.02 cannot be based solely upon the trial court's determination of what would be in the best interest of the child. *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex.1976); *Chesser v. Texas Department of Human Resources*, 595 S.W.2d 615, 617 (Tex.Civ.App.—Corpus Christi 1980, no writ).

■ As to making a determination of whether termination is in the best interest of the child, the fact finder may consider a number of factors, including, but not limited to: (A) the desires of the child; (B) the emotional and physical needs of the child now and in the future; (C) the emotional and physical danger to the child now and in the future; (D) the parental abilities of the individuals seeking custody; (E) the programs available to assist in promoting the best interest of the child; (F) the plans for the child by the individuals or agencies seeking custody; (G) the stability of the home or proposed placement; (H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (I) any excuse for the acts or omissions of the parent. *Holley*, 544 S.W.2d at 371–72; *McGuire v. Brown*, 580 S.W.2d 425, 429 (Tex.Civ.App. —Austin 1979, writ ref'd n.r.e.).

The bases for termination asserted by John and Frances Wetzel, and found to be true by the trial court, were the following portions of section 15.02 of the Code:

§ 15.02. Involuntary Termination of Parental Rights.

A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

\*　　\*　　\*　　\*　　\*　　\*

(C) voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months; . . . .

\*　　\*　　\*　　\*　　\*　　\*

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, . . . .

(F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition, . . . .

\*　　\*　　\*　　\*　　\*　　\*

(2) termination is in the best interest of the child.

■ As to the finding that Martha Wetzel voluntarily left her children without

---

1. Unless otherwise specified, all references are to the TEX.FAM.CODE ANN. § 15.02 (Vernon Supp.1986).

providing adequate support and remained away at least six months, the record reflects that the original divorce decree provided that custody of the children was awarded to John Wetzel, the person with whom she left the children, and that Martha was not required to contribute to the support of the children. Martha lived in various places but kept in periodic contact with her children and purchased items of clothes and other necessities for the children. Section 15.02(1)(C) requires only that she arrange for the adequate support of her children, not that she personally support her children. *Holick*, 685 S.W.2d at 21. Furthermore, it can hardly be contended that compliance with a court order may constitute grounds for termination of parental rights. John and Frances Wetzel are providing adequate support for the children. The record before us fails to show sufficient evidence for termination under section 15.02(1)(C). *Holick*, 685 S.W.2d at 21; *Thomson v. Meaux*, 429 S.W.2d 668, 669 (Tex.Civ.App.—Amarillo 1968, no writ).

Next, we address the finding that Martha Wetzel engaged in conduct, or knowingly placed the children with persons who engaged in conduct, which endangered the physical or emotional well-being of the children. The record reflects that, for a time preceding the divorce and for a short time thereafter, Martha Wetzel suffered from mental disorders and that during this time she physically abused the children. The evidence reflects that her mental problems have been cured, and there is no evidence that she now abuses the children or might do so in the future. The record reflects evidence that she loves and cares for the children and that, other than the period of time when she was suffering from a mental disorder, she has not continued to abuse her children. There is no evidence that she ever placed the children with persons who endangered the physical or emotional well-being of the children.

We are faced with the question of whether acts done which were at one time sufficient to support termination can still be sufficient to support termination at a proceeding brought four years later. While this question has never been directly addressed by our courts, this court faced a somewhat similar situation in *Carter v. Dallas County Child Welfare Unit*, 532 S.W.2d 140 (Tex.Civ.App.—Dallas 1975, no writ). In *Carter*, the mother was diagnosed as a paranoid schizophrenic. Because of her condition, she physically abused her children, failed to feed them regularly, and did not take them to school. The Dallas County Child Welfare Unit brought suit to terminate her parental rights. The mother argued that the evidence was insufficient to support termination because the conduct complained of occurred in the distant past[2] and that she no longer presented a present danger to the children. The court rejected this argument because the evidence in that case, as distinguished from the present case, showed that the mother's schizophrenic condition was likely to manifest itself again and that, in all reasonable medical probability, she would never be completely cured of her illness. There was also expert testimony that the children would not be safe in the presence of their mother and that it was likely that they would be physically and mentally endangered if they remained with her. Unlike *Carter*, in the present case, Martha Wetzel appears to be cured of her disorder and there is no evidence that she poses a present or future danger to her children.

We note that in child *custody* cases, although at some time in the distant past a parent was guilty of child neglect or misconduct, he will not be deprived of custody where there is nothing to show that he is not presently a fit and capable parent. *Guillott v. Gentle*, 467 S.W.2d 521, 524 (Tex.Civ.App.—Eastland 1971, writ ref'd n.r.e.); *De Fur v. Speers*, 369 S.W.2d 850, 852–53 (Tex.Civ.App.—Dallas 1963, no

2. The last incident took place two years prior to the suit but all of Carter's visits with her children since then were closely supervised.

writ); *Pettit v. Engelking,* 260 S.W.2d 613, 619 (Tex.Civ.App.—San Antonio 1953, writ ref'd n.r.e.). Suits for conservatorship, possession, and support have different purposes than termination cases. Decrees in those cases may be modified or changed, but the parents continue to enjoy their parental rights. By contrast, a termination decree is complete, final, irrevocable and divests for all time a parent and child of all legal rights, privileges, duties, and powers with respect to each other save the child's right to inherit. It is these differences that demand that termination cases be proved by clear and convincing evidence, as opposed to a mere preponderance of the evidence needed for other suits under the Family Code. These differences are the reason courts should proceed with great caution and scrutiny in termination cases.

▮ Therefore, in a termination suit, acts done in the distant past, without showing a present or future danger to a child, cannot be sufficient to terminate parental rights. This reasoning is reflected in our supreme court's interpretation of the statute which preceded section 15.02 where it said, "These provisions do not contemplate that an adjudication may be based solely upon conditions which existed in the distant past but no longer exist." *Hendricks v. Curry,* 401 S.W.2d 796, 800 (Tex.1966); *see also Johnson v. Jefferson County Child Welfare Unit,* 557 S.W.2d 569, 571 (Tex. Civ.App.—Beaumont 1977, no writ); *Adams v. Herd,* 526 S.W.2d 295, 297 (Tex.Civ. App.—Waco 1975, no writ). We hold, therefore, that misconduct toward a child in the distant past, standing alone, is insufficient to support the termination of parental rights.

▮ Lastly, we examine the finding that Martha Wetzel failed to support the children in accordance with her ability during a period of one year ending within six months of the date John and Frances Wetzel filed their petition for termination. Martha Wetzel worked only sporadically following the divorce; during some of the time she was employed, she made only minimum wages. Martha was not ordered to pay any child support in the divorce decree. Although Martha did not, and was not required to, provide adequate support for her children, she did buy them clothing and gifts upon occasions when she could afford to do so. The evidence in the record is not sufficient to support termination under section 15.02(1)(F). *See Holley,* 544 S.W.2d at 372; *In re Jones,* 566 S.W.2d 702, at 705–706 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

Because the evidence is insufficient under the facts before us to support termination, we reverse in part the judgment of the trial court terminating Martha Wetzel's parental rights and render judgment that John and Frances Wetzel take nothing by their suit for termination of parental rights and for adoption.