In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00035-CV


______________________________






IN THE INTEREST OF J.K.H. AND B.D.M., CHILDREN





 


On Appeal from the County Court at Law


Hopkins County, Texas


Trial Court No. CV38579




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



I. Factual Background 

 The father, William, appeals from the termination of his parental rights to J.K.H. and B.D.M. 
The opposing party is the mother of the children, Suzanne. (1) The parties divorced in 2000, and the
trial court appointed Suzanne the sole managing conservator of their two children; William was
appointed possessory conservator, but William's visitation rights were to be supervised by his
mother. 

 The evidence shows that William had drug and alcohol problems at the time of divorce and
thereafter, and suffered clinical depression. William exercised his visitation rights regularly for a
short period of time, and then occasionally up to three years after the divorce. He has not seen the
children since the spring of 2003. He paid child support in the months immediately after the divorce,
but has sent no funds since March 2003, except for one check sent in 2007. There is evidence that
he and Suzanne had disagreements and that arranging visits became difficult. As is not uncommon
in visitation disputes, each party blamed the other for the difficulties; William and his mother said
Suzanne became hesitant to allow visits and obstructed them, whereas Suzanne thinks William was
irresponsible and did not attempt to exercise his visitation regularly. Suzanne remarried and
eventually told William's mother that she must visit the children at Suzanne's home. 

 William's relationship with the children has essentially been nonexistent since
2003--although he sent birthday and Christmas presents during 2008 to the children--after the
termination proceedings were filed. He had been incarcerated for eighteen to twenty months before
the termination proceedings for state jail felony possession of methamphetamine, but was due for
release shortly after the termination hearing. Before being incarcerated, the evidence shows he was
unemployed for varying lengths of time; he also suffered continuing depression and alcohol or drug-related difficulties.

II. Grounds for Termination 

 The trial court found that clear and convincing evidence showed that William

 voluntarily left the children alone or in the possession of another without providing
adequate support of the children and remained away for a period of at least six
months. (2)

 The court also found the termination was in the best interests of the children and accordingly
terminated William's parental rights. 

 William contends that the evidence is insufficient to support this finding, and thus to support
termination, because there was no specification of the six-month period relied on and because there
was insufficient evidence that he "voluntarily left the children alone or in the possession of another
without providing adequate support." 

 In proceedings to terminate the parent-child relationship brought under Section 161.001 of
the Texas Family Code, the petitioner must establish one or more of the acts or omissions
enumerated under subdivision (1) of the statute and must also prove that termination is in the best
interest of the child. Tex. Fam. Code Ann. § 161.001 (Vernon 2008); Richardson v. Green, 677
S.W.2d 497, 499 (Tex. 1984). Both elements must be established; termination may not be based
solely on the best interest of the child as determined by the trier of fact. Tex. Dep't of Human Servs.
v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987).

III. Standard of Review 

 Termination is a drastic remedy and is of such weight and gravity that due process requires
the grounds must be established by clear and convincing evidence. In re G.M., 596 S.W.2d 846, 847
(Tex. 1980). The Texas Family Code also requires that termination grounds must be shown by clear
and convincing evidence. Tex. Fam. Code Ann. § 161.206(a) (Vernon 2008). The evidence is clear
and convincing when the proof is such that it produces in the mind of the trier of fact a firm belief
or conviction of the truth of the allegations sought to be established. In re C.H., 89 S.W.3d 17,
25-26 (Tex. 2002); see Tex. Fam. Code Ann. § 101.007 (Vernon 2008). By the same standard, the
trial court must also find that termination is in the best interest of the child. Tex. Fam. Code Ann.
§ 161.001(2).

 In reviewing the legal sufficiency of the evidence, we view all the evidence in a light most
favorable to the finding to determine whether a reasonable trier of fact could have formed a firm
belief or conviction that its finding was true. Tex. Fam. Code Ann. § 101.007; In re J.F.C., 96
S.W.3d 256, 266 (Tex. 2002); C.H., 89 S.W.3d at 25. Looking at the evidence in the light most
favorable to the judgment means that we must assume that the fact-finder resolved disputed facts in
favor of its finding if a reasonable fact-finder could do so. A corollary to this requirement is that a
trial court should disregard all evidence that a reasonable fact-finder could have disbelieved or found
to have been incredible. J.F.C., 96 S.W.3d at 266.

 When reviewing a factual sufficiency challenge to a parental rights termination, we consider
the evidence the fact-finder could reasonably have found to be clear and convincing. See id.; C.H.,
89 S.W.3d at 25-26. In applying this standard to a trial court's findings, we ask whether there was
sufficient evidence presented to produce in the mind of a rational fact-finder a firm belief or
conviction as to the truth of the allegations sought to be established. In re N.R., 101 S.W.3d 771,
774 (Tex. App.--Texarkana 2003, no pet.).

IV. Voluntarily Left Children 

 Under this section, the statute provides that a parent's rights may be terminated if the trial
court finds by clear and convincing evidence that the parent has

 (C) voluntarily left the child alone or in the possession of another without providing
adequate support of the child and remained away for a period of at least six months.


Tex. Fam. Code Ann. § 161.001(1)(c).

 This statute has been explained as meaning six consecutive months. In re T.B.D., 223
S.W.3d 515, 518 (Tex. App.--Amarillo 2006, no pet.); In re D.L.N., 958 S.W.2d 934, 937 (Tex.
App.--Waco 1997, writ denied). Although it is argued that no such six-month period is proven by
the evidence, there is uncontested evidence that William was completely out of contact with his
children for a period of several years. This easily meets the six-month requirement.

 Whether William "voluntarily" left the children is the key issue to be considered. The
argument is presented that under the plain terms of the statute, the evidence must clearly and
convincingly show that William "voluntarily" left the children. In this case, however, he left the
children with the mother not purely of his own volition--he did so pursuant to a court order giving
her possession of the children. The decree is part of the record. It reflects that Suzanne was granted
a default judgment, as William did not appear. The court appointed Suzanne as sole managing
conservator and William as possessory conservator, and obligated William to pay child support of
$62.50 per week for each child. As possessory conservator, William was granted visitation with the
children which was required to be supervised by his mother. 

 Looking at the plain meaning of the root word "voluntary," we find it defined as
"1. proceeding from the will of one's own choice or consent 2. unconstrained by interference: self-determining, 3. done by design or intention." Merriam-Webster's Collegiate Dictionary 1402
(11th ed. 2003). William did not voluntarily leave the children with the mother--the court ordered
him to do so. See G.M. v. Tex. Dep't of Human Res., 717 S.W.2d 185, 187 (Tex. App.--Austin
1986, no writ) (department named as managing conservator and parent had no power to do anything
voluntarily with child); Wetzel v. Wetzel, 715 S.W.2d 387, 390 (Tex. App.--Dallas 1986, no writ)
(leaving children in compliance with court-ordered custody decree is not a ground for termination). 
William left the children in the possession of another, but the divorce decree specifically states that
the children are to be left in the possession of the mother as the sole managing conservator. Had
William attempted to take possession of the children, except during his supervised visitation period,
he would have been in violation of the decree and subject to sanction for contempt. 

 Grounds for termination may occur if the biological father voluntarily leaves the mother
before the birth of the child and fails to support or visit. See In re K.M.B., 91 S.W.3d 18, 25 (Tex.
App.--Fort Worth 2002, no pet.) (3) (other grounds for termination were also present). This situation
is different. William did not voluntarily leave the mother before the birth of the children. Likewise,
his leaving the children after the divorce was directed by a divorce decree. There is no other
evidence that William left the children or abandoned the family before the divorce decree was
entered. He did fail to visit the children, but that is not the question. The question is whether he
voluntarily left them in the possession of the mother. As in Wetzel, we cannot see how William's
leaving the children with their mother, as required by a divorce decree, can be considered a voluntary
act. For that reason, the termination cannot stand.

 Having found the evidence legally insufficient on this element of proof, we do not need to
address the other points raised on appeal. (4) We reverse and render judgment denying termination.



 Jack Carter

 Justice


Date Submitted: August 19, 2009

Date Decided: September 16, 2009


1. To protect the identity of the children who are the subject of this suit, we shall refer
hereinafter to Appellant individually by the pseudonym "William" and to the Appellee as "Suzanne." 
See Tex. Fam. Code Ann. § 109.002(d) (Vernon 2008). 
2. The petitioner alleged that William had also "failed to support the children in accordance
with his ability during a period of one year ending within six months of the date of filing of this
petition." But the only ground found by the trial court in the order of termination was that William
voluntarily left the children without adequate support. 
3. In K.M.B., the trial court also found that he had not provided support, as he had done nothing
to keep in touch with the mother or child, had provided no monetary support, had made no effort to
follow the "service plan" set up for him by Child Protective Services, which required him to keep
the agency informed of his location (prison), to write the child monthly, or stop his criminal activity. 
4. The trial court allowed a trial amendment to Suzanne's pleading to include the grounds
ultimately relied on for termination. William complains this action violated his due process rights
and this should be treated similarly to an amendment of an indictment. Since we have found the
evidence is insufficient under the amended pleading, we will not address this argument. 


y="73" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Grid Accent 6"/>
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00033-CR

                                                ______________________________

 

 

                                          DANNY STURTZ,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                         Trial Court
No. 10-0244X

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            The
testimony at Danny Sturtzs jury trial on two counts of aggravated assault with
a deadly weapon told varying versions of an altercation that happened March 21,
2010, in Karnack, involving Sturtz, Peggy Davis, and Joshua Davis, Peggys son.[1]  Ultimately, the jury believed one version and
found Sturtz guilty of shooting Peggy with a firearm and threatening Joshua
with a firearm.  The jury also found
Sturtz not guilty of causing bodily injury to Peggy by cutting her with a
machete.

            On appeal,
Sturtzs attorney has filed a brief which discusses the record and reviews the
proceedings in detail.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of the law.  Anders
v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Sturtz May 12, 2011, informing Sturtz
of his right to file a pro se response and of his right to review the record.  No response has been filed.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  

            We have
determined that this appeal is wholly frivolous.  The jury could have believed any of the
versions of events.  We have
independently reviewed the clerks record and the reporters record, and find
no genuinely arguable issue.  See Halbert v. Michigan, 545 U.S. 605,
623 (U.S. 2005).  We, therefore, agree
with counsels assessment that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 82627 (Tex. Crim. App. 2005).

            We
affirm the judgment of the trial court.[2]

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          July
26, 2011   

Date Decided:             August
3, 2011

 

Do Not Publish

 

 

 











[1]The
jury had to choose between diametrically different stories about how Sturtzs
former girlfriend Peggya convicted felon and drug userwas shot and her hand
was injured.  According to her, after Sturtz
and Peggy had exchanged words, after she had broken into his house to sleep, he
chased her down, hit her with a machete, and shot her while she was trying to
get away, also chasing her son away by pointing a pistol at him.  According to Sturtz, he woke up with Peggy
asleep beside him and her sixteen-year-old son asleep in the next room, found a
gun next to Peggys son and took it, and both Peggy and Joshua then began
threatening and attacking Sturtzbehavior which he testified she had engaged in
several times in the past.  Joshua and
Peggy both testified, with fairly widely varying descriptions of the events of
the morning.  Sturtz admits shooting her,
but claims self-defense.  Sturtz had a
single prior misdemeanor for possession of marihuana and DWI.





[2]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsels request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either retain
an attorney to file a petition for discretionary review or appellant must file
a pro se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the filings
in this case.  Should a petition for
discretionary review be filed after September 1, 2011, it should be filed
directly with the Texas Court of Criminal Appeals.  See
Tex. R. App. P. 68.3.  Any petition for discretionary review should
comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P.
68.4.