

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00035-CV

_____


IN THE INTEREST OF J.K.H. AND B.D.M., CHILDREN


On Appeal from the County Court at Law
Hopkins County, Texas
Trial Court No. CV38579


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

## I.    Factual Background

The father, William, appeals from the termination of his parental rights to J.K.H. and B.D.M. The opposing party is the mother of the children, Suzanne.[1] The parties divorced in 2000, and the trial court appointed Suzanne the sole managing conservator of their two children; William was appointed possessory conservator, but William's visitation rights were to be supervised by his mother.

The evidence shows that William had drug and alcohol problems at the time of divorce and thereafter, and suffered clinical depression. William exercised his visitation rights regularly for a short period of time, and then occasionally up to three years after the divorce. He has not seen the children since the spring of 2003. He paid child support in the months immediately after the divorce, but has sent no funds since March 2003, except for one check sent in 2007. There is evidence that he and Suzanne had disagreements and that arranging visits became difficult. As is not uncommon in visitation disputes, each party blamed the other for the difficulties; William and his mother said Suzanne became hesitant to allow visits and obstructed them, whereas Suzanne thinks William was irresponsible and did not attempt to exercise his visitation regularly. Suzanne remarried and eventually told William's mother that she must visit the children at Suzanne's home.

---

[1]To protect the identity of the children who are the subject of this suit, we shall refer hereinafter to Appellant individually by the pseudonym "William" and to the Appellee as "Suzanne." *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2008).

William's relationship with the children has essentially been nonexistent since 2003—although he sent birthday and Christmas presents during 2008 to the children—after the termination proceedings were filed. He had been incarcerated for eighteen to twenty months before the termination proceedings for state jail felony possession of methamphetamine, but was due for release shortly after the termination hearing. Before being incarcerated, the evidence shows he was unemployed for varying lengths of time; he also suffered continuing depression and alcohol or drug-related difficulties.

## II.    Grounds for Termination

The trial court found that clear and convincing evidence showed that William

voluntarily left the children alone or in the possession of another without providing adequate support of the children and remained away for a period of at least six months.[2]

The court also found the termination was in the best interests of the children and accordingly terminated William's parental rights.

William contends that the evidence is insufficient to support this finding, and thus to support termination, because there was no specification of the six-month period relied on and because there was insufficient evidence that he "voluntarily left the children alone or in the possession of another without providing adequate support."

---

[2]The petitioner alleged that William had also "failed to support the children in accordance with his ability during a period of one year ending within six months of the date of filing of this petition." But the only ground found by the trial court in the order of termination was that William voluntarily left the children without adequate support.

3

In proceedings to terminate the parent-child relationship brought under Section 161.001 of the Texas Family Code, the petitioner must establish one or more of the acts or omissions enumerated under subdivision (1) of the statute and must also prove that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (Vernon 2008); *Richardson v. Green*, 677 S.W.2d 497, 499 (Tex. 1984). Both elements must be established; termination may not be based solely on the best interest of the child as determined by the trier of fact. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987).

## III. Standard of Review

Termination is a drastic remedy and is of such weight and gravity that due process requires the grounds must be established by clear and convincing evidence. *In re G.M.*, 596 S.W.2d 846, 847 (Tex. 1980). The Texas Family Code also requires that termination grounds must be shown by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.206(a) (Vernon 2008). The evidence is clear and convincing when the proof is such that it produces in the mind of the trier of fact a firm belief or conviction of the truth of the allegations sought to be established. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002); *see* TEX. FAM. CODE ANN. § 101.007 (Vernon 2008). By the same standard, the trial court must also find that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(2).

In reviewing the legal sufficiency of the evidence, we view all the evidence in a light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm

4

belief or conviction that its finding was true.  TEX. FAM. CODE ANN. § 101.007; *In re J.F.C.*, 96

S.W.3d 256, 266 (Tex. 2002); *C.H.*, 89 S.W.3d at 25.  Looking at the evidence in the light most

favorable to the judgment means that we must assume that the fact-finder resolved disputed facts in

favor of its finding if a reasonable fact-finder could do so.  A corollary to this requirement is that a

trial court should disregard all evidence that a reasonable fact-finder could have disbelieved or found

to have been incredible.  *J.F.C.*, 96 S.W.3d at 266.

When reviewing a factual sufficiency challenge to a parental rights termination, we consider

the evidence the fact-finder could reasonably have found to be clear and convincing.  *See id.*; *C.H.*,

89 S.W.3d at 25–26.  In applying this standard to a trial court's findings, we ask whether there was

sufficient evidence presented to produce in the mind of a rational fact-finder a firm belief or

conviction as to the truth of the allegations sought to be established.  *In re N.R.*, 101 S.W.3d 771,

774 (Tex. App.—Texarkana 2003, no pet.).

## IV.     Voluntarily Left Children

Under this section, the statute provides that a parent's rights may be terminated if the trial

court finds by clear and convincing evidence that the parent has

> (C)  voluntarily left the child alone or in the possession of another without providing
> adequate support of the child and remained away for a period of at least six months.

TEX. FAM. CODE ANN. § 161.001(1)(c).

This statute has been explained as meaning six consecutive months.  *In re T.B.D.*, 223

S.W.3d 515, 518 (Tex. App.—Amarillo 2006, no pet.); *In re D.L.N.*, 958 S.W.2d 934, 937 (Tex.

App.—Waco 1997, writ denied). Although it is argued that no such six-month period is proven by the evidence, there is uncontested evidence that William was completely out of contact with his children for a period of several years. This easily meets the six-month requirement.

Whether William "voluntarily" left the children is the key issue to be considered. The argument is presented that under the plain terms of the statute, the evidence must clearly and convincingly show that William "voluntarily" left the children. In this case, however, he left the children with the mother not purely of his own volition—he did so pursuant to a court order giving her possession of the children. The decree is part of the record. It reflects that Suzanne was granted a default judgment, as William did not appear. The court appointed Suzanne as sole managing conservator and William as possessory conservator, and obligated William to pay child support of $62.50 per week for each child. As possessory conservator, William was granted visitation with the children which was required to be supervised by his mother.

Looking at the plain meaning of the root word "voluntary," we find it defined as "1. proceeding from the will of one's own choice or consent  2. unconstrained by interference: self-determining, 3. done by design or intention." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1402 (11th ed. 2003). William did not voluntarily leave the children with the mother—the court ordered him to do so. *See G.M. v. Tex. Dep't of Human Res.*, 717 S.W.2d 185, 187 (Tex. App.—Austin 1986, no writ) (department named as managing conservator and parent had no power to do anything voluntarily with child); *Wetzel v. Wetzel*, 715 S.W.2d 387, 390 (Tex. App.—Dallas 1986, no writ)

6

(leaving children in compliance with court-ordered custody decree is not a ground for termination). William left the children in the possession of another, but the divorce decree specifically states that the children are to be left in the possession of the mother as the sole managing conservator. Had William attempted to take possession of the children, except during his supervised visitation period, he would have been in violation of the decree and subject to sanction for contempt.

Grounds for termination may occur if the biological father voluntarily leaves the mother before the birth of the child and fails to support or visit. *See In re K.M.B.*, 91 S.W.3d 18, 25 (Tex. App.—Fort Worth 2002, no pet.)[3] (other grounds for termination were also present). This situation is different. William did not voluntarily leave the mother before the birth of the children. Likewise, his leaving the children after the divorce was directed by a divorce decree. There is no other evidence that William left the children or abandoned the family before the divorce decree was entered. He did fail to visit the children, but that is not the question. The question is whether he voluntarily left them in the possession of the mother. As in *Wetzel*, we cannot see how William's leaving the children with their mother, as required by a divorce decree, can be considered a voluntary act. For that reason, the termination cannot stand.

---

[3] In *K.M.B.*, the trial court also found that he had not provided support, as he had done nothing to keep in touch with the mother or child, had provided no monetary support, had made no effort to follow the "service plan" set up for him by Child Protective Services, which required him to keep the agency informed of his location (prison), to write the child monthly, or stop his criminal activity.

Having found the evidence legally insufficient on this element of proof, we do not need to address the other points raised on appeal.[4]  We reverse and render judgment denying termination.


Jack Carter
Justice


Date Submitted:     August 19, 2009
Date Decided:        September 16, 2009

---

[4]The trial court allowed a trial amendment to Suzanne's pleading to include the grounds ultimately relied on for termination.  William complains this action violated his due process rights and this should be treated similarly to an amendment of an indictment.  Since we have found the evidence is insufficient under the amended pleading, we will not address this argument.

8