**Opinion filed March 31, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00231-CV

_____

## IN THE INTEREST OF T.S.W., A CHILD

**On Appeal from the 1st Multicounty Court at Law**
**Nolan County, Texas**
**Trial Court Cause No. CC-8047**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of T.S.W.'s parents. Only T.S.W.'s mother appealed. On appeal, she presents a single issue in which she challenges the legal and factual sufficiency of the evidence to support the trial court findings. We reverse and remand.

### I. *Factual and Procedural Background*

Appellant, T.S.W.'s mother, is a member of the U.S. Army. At the time of trial, she had served in the military for nine years, during which time T.S.W. lived

with the Martins.[1]  In 2012, when T.S.W. was three years old, Appellant decided to join the military, and she voluntarily relinquished primary custody of T.S.W. to the Martins.  The court order to which Appellant and the Martins agreed provided for Appellant to have standard possessory visitation but for the Martins to have primary custody of T.S.W.  The military required that an order such as this be in place; Appellant could not enlist and have custody of a child because she was a single parent and was subject to deployment.  Appellant did in fact deploy numerous times during the nine years prior to the filing of this suit.

After she enlisted in the military, Appellant visited T.S.W. in person once or twice a year.  She also communicated with T.S.W. from time to time via text messages and FaceTime.  Although Appellant acknowledged that she had the ability to pay child support, she admitted that she had not done so.  She testified that she occasionally sent clothes to T.S.W. and that she had, on multiple occasions, offered the Martins money.  According to Appellant, the Martins refused to accept any money from her.  The Martins disputed Appellant's testimony that she had offered them money.  According to the Martins, Appellant had not offered them any financial support whatsoever, nor had the Martins ever asked Appellant to do so.  All parties acknowledged that their agreement in 2012, per the agreed court order, was that Appellant was not obligated to pay any child support or provide health insurance for T.S.W.

As T.S.W. got older, Appellant's occasional visits became disruptive to T.S.W.'s routine, and at some point, T.S.W. informed the Martins that she wanted them to adopt her.  As a consequence, the Martins filed this suit to terminate the parental rights of T.S.W.'s parents and to adopt T.S.W.  The trial court conducted a

[1]For purposes of this opinion, we will refer to the appellees as "the Martins," though that is not their true name.

hearing and, after considering the evidence presented, terminated the parental rights of both parents based upon the findings it made pursuant to Section 161.001(b) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2021). The trial court found that Appellant had committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (C), (E), and (F). Specifically, the trial court found that Appellant (1) had voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months, (2) had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, and (3) had failed to support the child in accordance with Appellant's ability during a period of one year ending within six months of the date that the petition was filed. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child. The trial court subsequently signed an order in which it incorporated its termination findings and granted the Martins' petition for adoption. This appeal followed.

## II. *Termination Standards*

To terminate one's parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b). In her sole issue, Appellant challenges all three findings made by the trial court pursuant to Section 161.001(b)(1), as well as the trial court's best interest finding. She asserts that the evidence is legally and factually insufficient to support those findings.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine

whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). In this regard, we note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

### III. *Analysis*

As we stated above, the termination of one's parental rights must be supported by clear and convincing evidence. FAM. § 161.001(b). We carefully scrutinize

termination proceedings, and we strictly construe involuntary termination statutes in the parent's favor. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012).

A. *Termination under Section 161.001(b)(1)(C)*

The trial court found that Appellant voluntarily left T.S.W. alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months. *See* FAM. § 161.001(b)(1)(C). Although the evidence, as set forth above, appears to support such a finding, the Texas Supreme Court has determined that the language in subsection (C) is to be interpreted to mean that the parent must "make arrangements for the adequate support rather than personally support" the child. *Holick v. Smith*, 685 S.W.2d 18, 21 (Tex. 1985). The Martins concede, and we agree, that pursuant to *Holick*, the evidence presented at trial is insufficient to support the trial court's finding under Section 161.001(b)(1)(C) because Appellant arranged for the adequate support of T.S.W. *See id.*; *see also Wetzel v. Wetzel*, 715 S.W.2d 387, 389–90 (Tex. App.—Dallas 1986, no writ). Thus, we hold that the evidence is legally insufficient to support the trial court's finding under subsection (C).

B. *Termination under Section 161.001(b)(1)(E)*

The trial court also found that Appellant had engaged in conduct or knowingly placed T.S.W. with persons who engaged in conduct that endangered the child's physical or emotional well-being. *See* FAM. § 161.001(b)(1)(E). Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 34 (Tex. App.—Eastland 2011, no pet.). The offending conduct need not be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Additionally, termination under subsection (E) must be based on more than a single

act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.).

Based upon the evidence presented at the termination hearing, we hold that the Martins failed to present clear and convincing evidence to support an affirmative finding under subsection (E). First, nothing in the record indicates that Appellant herself engaged in any conduct that endangered T.S.W. Second, the only inkling of evidence to support a finding that Appellant placed T.S.W. with persons who engaged in conduct that endangered T.S.W. are vague references to "CPS" involvement when T.S.W. was approximately two years old and a statement from Mrs. Martin who testified, "Somebody said that there was a sex offender living with [Appellant]." With respect to the CPS case, Appellant testified that, while she went to work, she left T.S.W. with two people whom she knew from school. Apparently, someone, unbeknownst to Appellant, called CPS and reported that these two people "were child molesters."

Appellant testified that she did not know anything about her babysitters allegedly being child molesters. Nothing in the record indicates that Appellant knew about the allegations against the babysitters, that these babysitters were actually "child molesters," or that T.S.W. was endangered. Appellant testified that she "was cleared" of the issues with CPS and that CPS dismissed the case. T.S.W. was then returned to Appellant's care, but as they had done since before T.S.W.'s birth, the Martins continued to assist Appellant.

The Martins had helped Appellant "off and on her whole life really." In fact, Mrs. Martin testified that Appellant "wanted to be a good mom." When Appellant

later enlisted in the military, she voluntarily placed T.S.W. with the Martins, who took very good care of T.S.W.

The record before us does not contain clear and convincing evidence that Appellant either engaged in conduct or knowingly placed T.S.W. with persons who engaged in conduct that endangered T.S.W.'s physical or emotional well-being. *See* FAM. § 161.001(b)(1)(E). Viewing all of the evidence in the light most favorable to the trial court's finding, we conclude that a rational trier of fact could not have formed a firm belief or conviction that a finding under subsection (E) was true. Accordingly, we hold that the evidence is legally insufficient to support the trial court's finding under subsection (E). *See, e.g.*, *In re F.E.N.*, 542 S.W.3d 752, 763–65 (Tex. App.—Houston [14th Dist.] 2018), *pet. denied*, 579 S.W.3d 74 (Tex. 2019) (per curiam).

C. *Termination under Section 161.001(b)(1)(F)*

Finally, the trial court found that Appellant had failed to support T.S.W. in accordance with Appellant's ability to do so during a period of one year ending within six months of the date that the petition for termination was filed. The evidence was uncontroverted that Appellant failed to support T.S.W. in accordance with Appellant's ability to do so. Appellant testified that her net salary was approximately $5,000 per month. Although there was some evidence that Appellant had occasionally sent clothes to T.S.W. and had offered some money to the Martins for T.S.W.'s support, the Martins denied that Appellant ever offered them any money. Thus, the trial court could have found by clear and convincing evidence that Appellant had the ability, but failed, to support T.S.W.

However, while evidence of Appellant's failure to provide financial support, without more, seems to support the trial court's finding under subsection (F), we cannot uphold that finding under the circumstances in this case. We acknowledge

that each parent has a duty to support his or her child. FAM. § 151.001(a)(3) (West 2014). However, the parent's duty to do so is subject to a court order that affects the parent's duties. *Id.* § 151.001(d)(1). Here, the Martins had agreed, pursuant to the 2012 trial court order under which the parties had operated for nine years, that Appellant was released from her duty to provide financial support for T.S.W. Therefore, Appellant was excused from her duty and responsibility to financially support T.S.W. *See In re P.A.O.*, No. 08-98-00436-CV, 2001 WL 175620, at *11 (Tex. App.—El Paso Feb. 22, 2001, pet. denied); *Wetzel*, 715 S.W.2d at 390–91. In *P.A.O.*, the court of appeals held, under similar circumstances, that "when a parent complies with a court order which excuses her from her duty to support the child, then the failure to pay child support in accordance with her ability cannot constitute a ground for termination of [her] parental rights." 2001 WL 176520, at *11 (citing *Wetzel*, 715 S.W.2d at 390–91). Such is the case here.

D. *Best Interest*

Because we have held that the evidence in this case is insufficient to support the findings made by the trial court pursuant to Section 161.001(b)(1), we need not address Appellant's challenge to the trial court's best interest finding. *See* TEX. R. APP. P. 47.1. However, in the event that we are mistaken in our holdings pursuant to Section 161.001(b)(1), we will also address Appellant's complaint that the evidence is insufficient to support the trial court's best interest finding.

In her sole issue on appeal, Appellant additionally challenges the legal and factual sufficiency of the evidence to support the trial court's finding that termination of her parental rights would be in the best interest of T.S.W. *See* FAM. § 161.001(b)(2). With respect to T.S.W.'s best interest, the evidence, as set forth above, shows that T.S.W. wished to be adopted by the Martins and that the Martins filed a petition to adopt her. The record shows that when Appellant enlisted in the

8

military, she left T.S.W. in the capable and caring hands of the Martins. The Martins had helped Appellant even before the birth of T.S.W. and were willing to help her raise T.S.W. so that Appellant could serve our country in the military. Appellant has neither filed a petition to modify conservatorship nor has she sought to take T.S.W. away from the Martins; however, Appellant does not want her parental rights to be terminated. That Appellant's visits, as T.S.W. became older, interrupted T.S.W.'s "routine" does not show that T.S.W.'s best interest is served by terminating Appellant's rights altogether. In fact, the record shows that there are benefits that T.S.W. would be eligible for as the daughter of a member of the military.

In light of the evidence presented at trial and applying the *Holley* factors, we hold that the trial court could not reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of T.S.W. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, and the plans for the child by the parties involved, we further hold that the evidence is legally and factually insufficient to support the trial court's finding that termination of Appellant's parental rights is in the best interest of T.S.W. *See id.* While we commend the Martins for all that they have done and continue to do for T.S.W. and understanding that they have assumed the role of T.S.W.'s parents in Appellant's absence, we cannot hold in this case that the trial court's finding as to best interest is supported by clear and convincing evidence. For this reason alone, we would be required to sustain Appellant's sole issue on appeal even if the evidence were sufficient to support the trial court's findings under Section 161.001(b)(1)(C), (E), or (F).

9

Further, we note that Appellant does not challenge the trial court's appointment of the Martins as T.S.W.'s joint managing conservators. Accordingly, this court's opinion and judgment are not to be read to alter the trial court's appointment of the Martins as the managing conservators of T.S.W. *See In re J.A.J.*, 243 S.W.3d 611, 615–17 (Tex. 2007) (holding that a parent's appellate challenge to parental termination did not encompass a challenge to the appointment of managing conservator).

## IV. *This Court's Ruling*

We reverse the trial court's termination order insofar as it terminated the parental rights of T.S.W.'s mother. Because we have reversed the termination order with respect to Appellant's parental rights, we must also set aside the trial court's order granting the Martins' petition for adoption. Accordingly, this cause is remanded to the trial court for any further proceedings that may be necessary.


W. STACY TROTTER
JUSTICE


March 31, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.