993 S.W.2d 225 (1999)
In the Interest of K.M.M., a Child.
No. 11-98-00174-CV.
Court of Appeals of Texas, Eastland.
April 1, 1999.
*226 W. Andrew Ladyman, Abilene, for appellant.
Raymond A. Hollabaugh, Stamford, Kristy Bronson, Joel Wilks, Kollin Shadle, Criminal District Attorney's Office, Abilene, for appellee.
Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

OPINION
W.G. ARNOT, III, Chief Justice.
The Texas Department of Protective and Regulatory Services filed suit to terminate the father's parental rights to K.M.M. The mother of the child voluntarily relinquished her rights to the child, and the trial court terminated the father's parental rights. The father appeals. We affirm.
The trial court entered a decree of termination of appellant's parental rights to K.M.M. on April 8, 1998, after it found by clear and convincing evidence that appellant:
[1] Voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months;

*227 [2] Engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child;
[3] Been adjudicated to be criminally responsible for the death or serious injury of a child.
The trial court further found that termination of the parent-child relationship between appellant and K.M.M. was in the best interest of the child.
Appellant has briefed four points of error. In his third point of error, appellant complains that the trial court erred in admitting documentary evidence of his juvenile adjudications. In Points of Error Nos. 1, 2, and 4, appellant argues that the evidence is insufficient to support each of the trial court's three findings.
In his third point of error, appellant argues that the trial court erred in admitting documentary evidence of his juvenile adjudications for aggravated sexual assault. Appellant contends that TEX. FAM. CODE ANN. § 51.13(b) (Vernon 1996) precludes the admission of juvenile adjudication or disposition documentation in a termination hearing.
Prior to the termination hearing, appellant requested a motion in limine to prevent any evidence of appellant's juvenile adjudications from being admitted. That motion was denied. At the termination hearing, a Child Protective Services caseworker and appellant both testified without objection that appellant had three adjudications for aggravated sexual assault and was currently serving a 20-year sentence. Appellant later objected to the admission of the documentary evidence of his adjudications and dispositions. Appellant waived any error in the admission of the documents by failing to object when the evidence of his juvenile adjudications was admitted through the testimony of the caseworker and appellant. TEX.R.APP.P. 33.1(a); see Hur v. City of Mesquite, 893 S.W.2d 227 (Tex.App.Amarillo 1995, writ den'd). Appellant's third point of error is overruled.
In his second point of error, appellant contends that there is insufficient evidence to support the trial court's finding that he engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child. We disagree.
The natural right that exists between parents and their children is a constitutionally-protected right, and termination of the parent-child relationship is unjustifiable without the most solid and substantial reasons. Wiley v. Spratlan, 543 S.W.2d 349 (Tex.1976). Clear and convincing evidence is required to support the findings to terminate parental rights. In the Interest of G.M., 596 S.W.2d 846 (Tex. 1980).
Appellant engaged in sexual intercourse with Donna M. Myers when he was 13 years old, and she became pregnant. Appellant learned that Myers was pregnant in February of 1994. Myers was convicted for the aggravated sexual assault of appellant. In July of 1994, appellant was investigated for the aggravated sexual assault of a 15-month-old child. Appellant was adjudicated for that offense and committed to the Texas Youth Commission for a term of 20 years. K.M.M. was born on November 1, 1994. Appellant has never seen the child.
K.M.M. was removed on October 26, 1995, from the residence where the mother left him because she had left the child in the care of known sex offenders after being arrested for violating the terms and conditions of her community supervision. The mother voluntarily relinquished her rights to K.M.M. on May 1, 1996. The Texas Department of Protective and Regulatory Services filed suit to terminate appellant's rights to K.M.M. on May 6, 1997.
Imprisonment alone does not constitute engaging in conduct that endangers *228 the emotional or physical well-being of the child. Texas Department of Human Services v. Boyd, 727 S.W.2d 531 (Tex.1987); In the Interest of S.D.H., 591 S.W.2d 637 (Tex.Civ.App.Eastland 1979, no writ). Evidence of appellant's imprisonment, however, shows a course of conduct by appellant which has the effect of endangering the physical or emotional well-being of the child. Texas Department of Human Services v. Boyd, supra. If the imprisonment is based upon a certain type of voluntary, deliberate, and conscious course of conduct, then it is conduct which has endangered the emotional well-being of the child. In the Interest of J.N.R., 982 S.W.2d 137 (Tex.App.Houston [1st Dist.] 1998, no writ); In the Interest of Guillory, 618 S.W.2d 948 (Tex.Civ.App.Houston [1st Dist.] 1981, no writ). It is not necessary that the conduct be directed at the child or that the child actually suffer injury. Texas Department of Human Services v. Boyd, supra; Allred v. Harris County Child Welfare Unit, 615 S.W.2d 803 (Tex.Civ.App.Houston [1st Dist.] 1980, writ ref'd n.r.e.).
The evidence shows that appellant was incarcerated prior to K.M.M.'s birth for sexually assaulting a 15-month-old child and that he was still incarcerated at the time of the termination hearing. Appellant testified at the hearing that he has three adjudications for aggravated sexual assault of a child. Appellant admitted that he voluntarily engaged in the aggravated sexual assault of the 15-month-old child. Appellant's course of conduct was voluntary, deliberate, and conscious. We hold that the evidence of that course of conduct is sufficient to support a finding that appellant engaged in a course of conduct which endangered the emotional well-being of his child. See In the Interest of J.N.R., supra.
Appellant argues that the conduct for which he is incarcerated occurred over three years prior to the termination hearing and was, therefore, too remote to support termination of his parental rights, citing Wetzel v. Wetzel, 715 S.W.2d 387 (Tex.App.Dallas 1986, no writ), as authority. In Wetzel, the court held that acts done in the distant past, without showing a present or future danger to the child, cannot be sufficient to terminate parental rights. The Wetzel court found that the evidence did not support termination of the mother's parental rights based upon a finding that the mother engaged in conduct which endangered the physical or emotional well-being of her children because the evidence showed that the mother had been cured of the mental problems that caused her to abuse her children. In the present case, a caseworker for Child Protective Services testified that she would be concerned for K.M.M.'s safety if he were placed with or even allowed visitation with appellant. Unlike Wetzel, the evidence shows a present and future danger to the child. Appellant's second point of error is overruled.
The trial court may order termination of the father's parental rights if it finds that one or more of the grounds listed in TEX. FAM. CODE ANN. § 161.001 (Vernon Supp.1999) exist and that termination is in the best interest of the child. We find that the trial court was correct in finding that appellant engaged in conduct that endangered the physical or emotional well-being of the child. Section 161.001(1)(E). We need not address appellant's remaining points of error. TEX. R.APP.P. 47.1.
The judgment of the trial court is affirmed.