In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00184-CV


______________________________




UNION CARBIDE CORPORATION, Appellant



V.



JOHN ADAIR, ET AL., Appellees




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 01-0675




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Union Carbide Corporation, appellant, has filed a motion seeking to dismiss its appeal. In
order to provide the relief sought, we order the appeal severed from that of its co-appellants with the
cause number 06-02-00184-CV. Pursuant to Tex. R. App. P. 42.1, the motion is granted.

 The appeal is dismissed.



 Ben Z. Grant

 Justice


Date Submitted: December 18, 2002

Date Decided: December 19, 2002


Do Not Publish



'Times New Roman', serif">*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N

            Ricky Williams appeals from a judgment of the 71st Judicial District Court of Harrison
County terminating his parental rights to his minor daughter, M.F. He contends there is legally and
factually insufficient evidence to support the judgment.
            M.F. and her siblings, S.F. and C.F., were removed from their home by the Texas Department
of Protective and Regulatory Services on July 31, 2002. Williams is the father of M.F. but is not the
father of S.F. or C.F. All three of the children lived in Williams' home until they were removed. 
M.F. was born December 20, 1993, and she lived with Williams until he was incarcerated in
November 1996. Williams has been in prison since he was first incarcerated. He was convicted of
three felony offenses of indecency with a child, sexual contact, and one felony offense of sexual
assault of a child. Williams' longest sentence was fifty years' imprisonment. The victim in all of
Williams' four convictions was E.F., who is the half sister of M.F.
            A parent's parental rights to his child may only be terminated if the State proves by clear and
convincing evidence that the parent has engaged in some of the conduct described in Tex. Fam.
Code Ann. § 161.001, and further proves that such termination is in the best interests of the child. 
The trial court here found that Williams has
(1)"knowingly placed or knowingly allowed the child to remain in conditions or
surroundings which endanger the physical or emotional well-being of the
child." Tex. Fam. Code Ann. § 161.001(1)(D) (Vernon 2002).
 
(2)"engaged in conduct or knowingly placed the child with persons who engaged
in conduct which endangers the physical or emotional well-being of the
child." Tex. Fam. Code Ann. § 161.001(1)(E) (Vernon 2002).
 
(3)"been convicted or has been placed on community supervision, including
deferred adjudication community supervision, for being criminally
responsible for the death or serious injury of a child under the following
sections of the Penal Code or adjudicated under Title 3 for conduct that
caused the death or serious injury of a child and that would constitute a
violation of one of the following Penal Code sections: . . . 21.11 (indecency
with a child); . . . [and] 22.021 (aggravated sexual assault)." Tex. Fam.
Code Ann. § 161.001(1)(L)(iv), (viii) (Vernon 2002).
 
(4)"knowingly engaged in criminal conduct that has resulted in the parent's: . . .
conviction of an offense; and . . . confinement or imprisonment and inability
to care for the child for not less than two years from the date of filing the
petition." Tex. Fam. Code Ann. § 161.001(1)(Q) (Vernon 2002).
            The trial court also found that termination was in M.F.'s best interests.
            Williams challenges the legal and factual sufficiency of the evidence to support the trial
court's findings. The standard of review in parental rights termination proceedings is clear and
convincing evidence. Tex. Fam. Code Ann. § 161.001 (Vernon 2002); In re J.F.C., 96 S.W.3d 256,
263 (Tex. 2003). The evidence is clear and convincing when the proof is such that it produces in
the mind of the trier of fact a firm belief or conviction of the truth of the allegations sought to be
established. In re C.H., 89 S.W.3d 17, 25–26 (Tex. 2002). The tests for legal sufficiency and factual
sufficiency of the evidence in termination cases are set out in the Texas Supreme Court's opinion in
In re J.F.C., 96 S.W.3d at 266, which we use in this case. We conclude that the evidence is legally
and factually sufficient to produce in the mind of the trial court a firm belief or conviction that
Williams engaged in conduct which endangered the physical and emotional well-being of M.F.
according to the provisions of Tex. Fam. Code Ann. § 161.001(1)(E).
            Section 161.001(1)(D) of the Family Code applies only to the suitability of the living
conditions or surroundings of a child. In re N.R., 101 S.W.3d 771 (Tex. App.—Texarkana 2003, pet.
denied). Section 161.001(1)(E) of the Family Code, however, focuses exclusively on the parent's
conduct. Under that section, proof that the parent's course of conduct endangered the child's physical
or emotional well-being is sufficient. Tex. Dep't Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex.
1987); In re S.H.A., 728 S.W.2d 73, 84 (Tex. App.—Dallas 1987, writ ref'd n.r.e.).
            The evidence shows that M.F. resided in the home with Williams from birth until Williams
was incarcerated, a period of about three years. During that time, Williams committed and was
convicted of four felony offenses of sexual abuse of a child. There is evidence that Williams
committed these acts against E.F. A parent who commits sexual abuse of a child engages in conduct
that endangers the physical and emotional well-being of the child. In re King, 15 S.W.3d 272, 276
(Tex. App.—Texarkana 2000, pet. denied); In re K.M.M., 993 S.W.2d 225 (Tex. App.—Eastland
1999, no pet.). It is not necessary that the sexual abuse be directed against the parent's own child,
or even that the child of the parent be aware of the sexual abuse. Tex. Dep't Human Servs. v. Boyd,
727 S.W.2d 531; In re N.H., 122 S.W.3d 391 (Tex. App.—Texarkana 2003, no pet. h.); In re N.R.,
101 S.W.3d 771 (Tex. App.—Texarkana 2003, pet. denied); In re King, 15 S.W.3d 272.
            The record is not clear whether, when Williams sexually abused E.F., she was living in the
home with M.F., but it is not required that the abuse occur in the parent's home or the home where
the child lived. In re Tidwell, 35 S.W.3d 115 (Tex. App.—Texarkana 2000, no pet.); In re King, 15
S.W.3d 272; In re B.B., 971 S.W.2d 160 (Tex. App.—Beaumont 1998, pet. denied). Additionally,
the evidence shows that Williams is incarcerated and has been for eight years. Although the fact of
imprisonment alone is not sufficient to justify the termination of a parent's parental rights, a finding
under Section 161.001(1)(E) is justified if the evidence shows that the parent engaged in a course
of conduct that has the effect of endangering the physical or emotional well-being of the child. Tex.
Dep't of Human Servs v. Boyd, 727 S.W.2d 531. The trial court here was justified in finding that
Williams, because of his repeated child sexual abuse and his resulting lengthy imprisonment,
engaged in such a course of conduct.
            Williams argues there is no evidence of his having engaged in the conduct described in
Section 161.001(1)(E). We disagree. Williams testified that M.F. lived with him for nearly three
years during the time he committed his sexual abuse of a child offenses. He testified that he was
convicted on four different occasions for sexual offenses against a child. At one point in his
testimony, he said someone else actually committed the offenses, but the court records showing the
offenses and the convictions were entered into evidence, and they each show that Williams pleaded
guilty to all four of the charges. Child Protective Service workers testified about M.F. and her
siblings having been removed from Williams' home because of the history of child sexual abuse. 
None of this evidence was objected to. "Endangerment," as used in subparagraph (1)(E) of Section
161.001, means exposure to loss or injury. It is not a requirement that the conduct be directed at the
parent's child, or that the child actually suffer injury. Tex. Dep't Human Servs. v. Boyd, 727 S.W.3d
at 533.
            There is also legally and factually sufficient evidence in the record to support the trial court's
finding that termination of Williams' parental rights to M.F. is in her best interests. Two employees
of the Department of Protective and Regulatory Services testified. Their testimony showed that M.F.
lived in the same home as S.F. and C.F. The three children were removed from the home on July 31,
2002. They were removed and placed in the custody of the Department because of an extensive
history of sexual abuse of S.F. Williams was already in prison when the children were removed. 
The mother of all three children had already had her parental rights to all of them terminated. The
father of C.F. voluntarily relinquished his parental rights, and the father of S.F. also had his parental
rights to her terminated. Testimony showed there was no suitable relative of Williams who could
adequately take care of M.F., and that M.F. was in a foster home and was doing well. The goal of
the Department is to find M.F. a suitable permanent adoptive home. Both Department workers
testified that, in their opinions, the termination of Williams' parental rights to M.F. was in M.F.'s best
interests. We find the evidence legally and factually sufficient to support the trial court's finding.
            For all the stated reasons, we find the evidence is legally and factually sufficient to produce
in the mind of the trial court a firm belief or conviction that the allegations of the petition as to
subparagraph (1)(E) of Section 161.001 are true.
            Only one of the conditions described in Section 161.001 must be proven to authorize the
termination of parental rights. In re B.B., 971 S.W.2d 160. Thus, it is not necessary for us to discuss
whether termination was authorized under the other subparagraphs of Section 161.001. 
            We affirm the judgment.
 
 
                                                                        William J. Cornelius 
                                                                        Justice*

*Chief Justice, Retired, Sitting by Assignment

 
Date Submitted:          June 3, 2004
Date Decided:             July 23, 2004