02-12-394-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00394-CV

 

 


 
 
 In
 the Interest of A.N.D., Minor Child
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
 
 
 From the 235th District
 Court
  
 of
 Cooke County (11-00124)
  
 January
 31, 2013
  
 Opinion
 by Justice Meier
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s order.  It is ordered that the order of the trial
court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Bill Meier

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00394-CV

 

 


 
 
 In the Interest of A.N.D., Minor Child
 
 
  
 
 
  
 
 


 

 

----------

FROM THE 235th
District Court OF Cooke COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          Appellant
B.A. (Father) appeals the trial court’s order terminating his parental rights
to his daughter, A.N.D.  In five issues, Father challenges the trial court’s
family code section 161.001(1) and (2) findings.  We will affirm.

II.  Background

          Father
dated D.T. (Mother) for thirty to forty-five days in 2009.  Mother learned that
she was pregnant with A.N.D. after the relationship with Father had ended.  Father
was incarcerated when he learned that Mother was pregnant and when A.N.D. was
born in July 2010.

          Appellee
Department of Family and Protective Services (DFPS) became involved in Mother’s
and A.N.D.’s lives after receiving a referral in November 2010 that alleged
neglectful supervision of then three-month-old A.N.D. by Mother.  Several
months later, in March 2011, DFPS removed A.N.D. from Mother’s care because
Mother had been arrested and an appropriate caregiver for A.N.D. could not be located.
 DFPS subsequently filed its original petition for protection of a child, for
conservatorship, and for termination in this suit affecting the parent-child
relationship.

          Father
remained incarcerated throughout the pendency of A.N.D.’s case, including
during the final termination bench trial in August 2012.  The trial court
ultimately found by clear and convincing evidence that termination of Father’s
parental rights to A.N.D. was appropriate pursuant to family code subsections
161.001(1)(E), (N), (O), and (Q) and that termination was in A.N.D.’s best
interest.  See Tex. Fam. Code Ann. § 161.001(1)(E), (N), (O), (Q), &
(2) (West Supp. 2012).  The interlocutory order terminating Father’s parental
rights became final when the trial court signed a final order terminating the
parent-child relationship between Mother and A.N.D. pursuant to Mother’s affidavit
of relinquishment.  Father appeals.

III.  Dispositive Issues

          In his first issue, Father
argues that the evidence is legally and factually insufficient to support the
trial court’s finding that terminating his parental rights to A.N.D. is in her
best interest.  In his second issue, Father argues that the trial court “erred”
by finding that termination was appropriate under family code subsection
161.001(1)(E).[2]

          A.      Burden
of Proof and Standard of Review

          Termination
decisions must be supported by clear and convincing evidence.  Tex. Fam. Code
Ann. §§ 161.001, .206(a) (West 2008).  Evidence is clear and convincing if
it “will produce in the mind of the trier of fact a firm belief or conviction
as to the truth of the allegations sought to be established.”  Id. § 101.007
(West 2008).

In
evaluating the evidence for legal sufficiency in parental termination cases, we
determine whether the evidence is such that a factfinder could reasonably form
a firm belief or conviction that the challenged ground for termination was
proven.  In re J.P.B., 180 S.W.3d 570, 573 (Tex. 2005).  We review
all the evidence in the light most favorable to the finding and judgment.  Id. 
We consider evidence favorable to termination if a reasonable factfinder could,
and we disregard contrary evidence unless a reasonable factfinder could not.  Id.

          In
reviewing the evidence for factual sufficiency, we give due deference to the
factfinder’s findings and do not supplant the judgment with our
own.  In re H.R.M., 209 S.W.3d 105, 108 (Tex. 2006).  We determine
whether, on the entire record, a factfinder could reasonably form a firm
conviction or belief that the parent violated section 161.001(1) and that termination
of the parent-child relationship would be in the best interest of the child. 
Tex. Fam. Code Ann. § 161.001; In re C.H., 89 S.W.3d 17, 28
(Tex. 2002).  If, in light of the entire record, the disputed evidence that a
reasonable factfinder could not have credited in favor of the finding is so
significant that a factfinder could not reasonably have formed a firm belief or
conviction in the truth of its finding, then the evidence is factually
insufficient.  H.R.M., 209 S.W.3d at 108.

          B.      Endangerment
Finding

          The
trial court may order termination of the parent-child relationship if it finds
by clear and convincing evidence that the parent has engaged in conduct or
knowingly placed the child with persons who engaged in conduct that endangers
the physical or emotional well-being of the child.  Tex. Fam. Code Ann.
§ 161.001(1)(E).  Under subsection (E), the relevant inquiry is whether
evidence exists that the endangerment of the child’s physical or emotional
well-being was the direct result of the parent’s conduct, including acts,
omissions, and failures to act.  In re J.T.G., 121 S.W.3d 117, 125
(Tex. App.—Fort Worth 2003, no pet.).

          Termination
under subsection (E) must be based on more than a single act or omission; a
voluntary, deliberate, and conscious course of conduct by the parent is
required.  Id.; In re D.T., 34 S.W.3d 625, 634 (Tex
App.—Fort Worth 2000, pet. denied).  As a general rule, conduct that subjects a
child to a life of uncertainty and instability endangers the child’s physical
and emotional well-being.  In re S.D., 980 S.W.2d 758, 763 (Tex.
App.—San Antonio 1998, pet. denied).  To support a finding of endangerment, the
parent’s conduct does not necessarily have to be directed at the child, and the
child is not required to suffer injury.  Tex. Dep’t of Human Servs. v. Boyd,
727 S.W.2d 531, 533 (Tex. 1987).  The specific danger to the child’s well-being
may be inferred from parental misconduct alone, and to determine whether
termination is necessary, courts may look to parental conduct both before and
after the child’s birth.  Id.; In re D.M., 58 S.W.3d 801,
812–13 (Tex. App.—Fort Worth 2001, no pet.).  A factfinder may also infer from
past conduct endangering the well-being of the child that similar conduct will
recur if the child is returned to the parent.  See In re D.L.N.,
958 S.W.2d 934, 941 (Tex. App.—Waco 1997, pet. denied), disapproved on other
grounds by In re J.F.C., 96 S.W.3d 256, 267 (Tex. 2002).

          Texas
courts have recognized that criminal activity that exposes a parent to
incarceration may be relevant to establish conduct that endangers the emotional
and physical well-being of a child.  Boyd, 727 S.W.2d at 533–34; In re
M.R., 243 S.W.3d 807, 819 (Tex. App.—Fort Worth 2007, no pet.); In re
K.M.M., 993 S.W.2d 225, 227–28 (Tex. App.—Eastland 1999, no pet.).  But
mere imprisonment will not, standing alone, constitute engaging in conduct that
endangers the emotional or physical well-being of a child.  Boyd, 727
S.W.2d at 533–34.  “[I]f the evidence, including the imprisonment, shows a
course of conduct which has the effect of endangering the physical or emotional
well-being of the child, a finding” of endangerment under section 161.001(1)(E)
is supportable.  Id.

          The
record demonstrates that Father has a lengthy history of engaging in primarily
drug-related criminal activity for which he has ultimately been convicted and punished. 
Father’s criminal history includes (1) a 2011 conviction and three-year
sentence for burglary of a habitation, (2) a 2004 conviction and ten-year
sentence for possession of cocaine, (3) a 2002 conviction and five-year
sentence for possession of cocaine, (4) a 2002 conviction and 180-day
sentence for possession of cocaine, and (5) a 1998 conviction for
possession of cocaine.  Father was incarcerated at all times relevant to this
case—when he learned that Mother was pregnant, when A.N.D. was born, during
A.N.D.’s DFPS case, and at the time of trial.  His criminal history evidences a
deliberate and continuing course of possessing illegal, controlled substances—conduct
that has exposed him to incarceration on several occasions.  Consequently, the
trial court could have reasonably concluded that this course of conduct, and
his imprisonment, negatively affected his ability to financially, physically,
and emotionally care for A.N.D.  Accordingly, we hold that the evidence is
legally and factually sufficient to show that Father engaged in conduct that
endangered the physical or emotional well-being of A.N.D.  We overrule Father’s
second issue.  Having overruled Father’s second issue, we need not address his
third, fourth, and fifth issues challenging the sufficiency of the evidence to
support the trial court’s subsection 161.001(1)(N), (O), and (Q) findings.  See
Tex. R. App. P. 47.1; In re J.L., 163 S.W.3d 79, 84
(Tex. 2005) (stating that parent must have committed only one of the acts
prohibited under family code section 161.001(1) for termination of her parental
rights).

          C.      Best
Interest

          There
is a strong presumption that keeping a child with a parent is in the child’s
best interest.  In re R.R., 209 S.W.3d 112, 116 (Tex. 2006). 
Prompt and permanent placement of the child in a safe environment is also
presumed to be in the child’s best interest.  Tex. Fam. Code Ann.
§ 263.307(a) (West 2008) (listing factors that should be considered in
evaluating the parent’s willingness and ability to provide the child with a
safe environment).  Nonexclusive factors that the trier of fact in a
termination case may use in determining the best interest of the child
include:  (A) the desires of the child; (B) the emotional
and physical needs of the child now and in the future; (C) the emotional
and physical danger to the child now and in the future; (D) the parental
abilities of the individuals seeking custody; (E) the programs available
to assist these individuals to promote the best interest of the child; (F) the
plans for the child by these individuals or by the agency seeking custody; (G) the
stability of the home or proposed placement; (H) the acts or omissions of
the parent which may indicate that the existing parent-child relationship is
not a proper one; and (I) any excuse for the acts or omissions of the
parent.  Holley v. Adams, 544 S.W.2d 367, 371–72 (Tex. 1976).  These
factors are not exhaustive; some listed factors may be inapplicable to some
cases, and other factors not on the list may also be considered when
appropriate.  C.H., 89 S.W.3d at 27.  Furthermore, undisputed
evidence of just one factor may be sufficient in a particular case to support a
finding that termination is in the best interest of the child.  Id.  On
the other hand, the presence of scant evidence relevant to each factor will not
support such a finding.  Id.  The same evidence of acts or omissions
used to establish grounds for termination under section 161.001(1) may be
probative in determining the best interest of the child.  Id. at 28.

          Father
has never met A.N.D.  He testified that he is currently unable to care for
A.N.D., that he wanted his mother (P.F.) to care for A.N.D., and that he
planned to work on an oil rig after his release from prison.  DFPS performed a
home study of P.F. but declined to place A.N.D. with her.  P.F. acknowledged
that DFPS had removed two of her grandchildren from her care in 1997; according
to A.N.D.’s caseworker, Darless Collins, DFPS determined that “some severe
forms of discipline were used in the home on both her own children and her
grandchildren.”  Collins testified that she had concerns about Father’s
extensive history with drugs, that Father had not maintained significant
contact with A.N.D., and that she had no indication that Father could provide
A.N.D. with a safe home or with any support.

          Collins
explained that A.N.D. had been in a foster home since her removal and that

          [s]he’s
doing really, really well there.  She has bonded to the foster family, their
children, their extended family.  She has bonded to her sibling, who was
briefly placed in that same home.  She has no ongoing issues.  They’ve been
very diligent about her, her health, her dental care.  She did have to have
some ECI.  An ECI program that she was working, that they took care of that. 
And then she was dismissed from that program.  So she’s doing very well there.

Collins
opined that all of A.N.D.’s needs were being met and said that DFPS’s recommendation
for A.N.D. was that she be placed with the foster family long term.

          Viewing
the evidence under the appropriate standards, we hold that the evidence is both
legally and factually sufficient to support the trial court’s finding that
termination of Father’s parental rights to A.N.D. is in her best interest.  We
overrule Father’s first issue.

IV.  Conclusion

          Having
overruled Father’s two dispositive issues, we affirm the trial court’s order
terminating Father’s parental rights to A.N.D.

 

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and MEIER, JJ.

 

DAUPHINOT,
J., concurs without opinion.

 

DELIVERED:  January 31, 2013









[1]See Tex. R. App. P. 47.4.





[2]We construe this argument as a challenge
to the legal and factual sufficiency of the evidence to support the finding.