

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00089-CV

IN THE INTEREST OF P.D.H., K.R.H., AND T.H., CHILDREN

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 91337

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

The Department of Family and Protective Services filed a petition to terminate Mother's parental rights to her children, Parker, Katie, and Ty.[1]  Following a bench trial, the trial court terminated Mother's parental rights after finding that (1) she knowingly placed or allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, (2) she engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered their physical or emotional well-being, (3) she used a controlled substance and failed to either complete a substance abuse treatment program or used drugs after completing the program, as described in Section 161.001(b)(1)(P) of the Texas Family Code, (4) she was the cause of a child being born addicted to alcohol or drugs, as described in Section 161.001(b)(1)(R), and (5) termination of her parental rights was in the children's best interests.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (P), (R), (b)(2) (Supp.).

On appeal, Mother argues that the evidence is legally and factually insufficient to support the trial court's findings that there were statutory grounds to terminate her parental rights. Because we find the evidence legally and factually sufficient to support the trial court's finding of statutory grounds, we affirm the trial court's judgment terminating Mother's parental rights to Parker, Katie, and Ty.

---

[1]We use pseudonyms to protect the identities of the children.  *See* TEX. R. APP. P. 9.8.

**I. A Statutory Ground for Termination of Mother's Parental Rights is Supported by Legally and Factually Sufficient Evidence**

**A. Standard of Review**

"The natural right existing between parents and their children is of constitutional dimensions." *In re E.J.Z.*, 547 S.W.3d 339, 343 (Tex. App.—Texarkana 2018, no pet.) (quoting *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985)). "Indeed, parents have a fundamental right to make decisions concerning 'the care, custody, and control of their children.'" *Id.* (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000)). "Because the termination of parental rights implicates fundamental interests, a higher standard of proof—clear and convincing evidence—is required at trial." *Id.* (quoting *In re A.B.*, 437 S.W.3d 498, 502 (Tex. 2014)). "This Court is . . . required to 'engage in an exacting review of the entire record to determine if the evidence is . . . sufficient to support the termination of parental rights.'" *Id.* (quoting *In re A.B.*, 437 S.W.3d at 500). "[I]nvoluntary termination statutes are strictly construed in favor of the parent." *Id.* (alteration in original) (quoting *In re S.K.A.*, 236 S.W.3d 875, 900 (Tex. App.—Texarkana 2007, pet. denied) (quoting *Holick*, 685 S.W.2d at 20)).

"In order to terminate parental rights, the trial court must find, by clear and convincing evidence, that the parent has engaged in at least one statutory ground for termination and that termination is in the child[ren]'s best interest." *Id.* (citing TEX. FAM. CODE ANN. § 161.001; *In re E.N.C.*, 384 S.W.3d 796, 798 (Tex. 2012)). "'Clear and convincing evidence' is that 'degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *Id.* (quoting TEX. FAM. CODE ANN.

§ 101.007 (citing *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009))). "This standard of proof necessarily affects our review of the evidence." *Id.*

"In our legal sufficiency review, we consider all the evidence in the light most favorable to the findings to determine whether the fact-finder reasonably could have formed a firm belief or conviction that the grounds for termination were proven." *In re L.E.S.*, 471 S.W.3d 915, 920 (Tex. App.—Texarkana 2015, no pet.) (citing *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam); *In re J.L.B.*, 349 S.W.3d 836, 846 (Tex. App.—Texarkana 2011, no pet.)). "We assume the trial court, acting as fact-finder, resolved disputed facts in favor of the finding, if a reasonable fact-finder could do so, and disregarded evidence that the fact-finder could have reasonably disbelieved or the credibility of which reasonably could be doubted." *Id.* (citing *In re J.P.B.*, 180 S.W.3d at 573).

"In our review of factual sufficiency, we give due consideration to evidence the trial court could have reasonably found to be clear and convincing." *Id.* (citing *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam)). "We consider only that evidence the fact-finder reasonably could have found to be clear and convincing and determine 'whether the evidence is such that a fact[-]finder could reasonably form a firm belief or conviction about the truth of the . . . allegations.'" *Id.* (alteration in original) (quoting *In re H.R.M.*, 209 S.W.3d at 108 (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002))); *see In re J.F.C.*, 96 S.W.3d 256, 264, 266 (Tex. 2002). "If, in light of the entire record, the disputed evidence that a reasonable fact[-]finder could not have credited in favor of the finding is so significant that a fact[-]finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient."

4

*Id.* (quoting *In re J.F.C.*, 96 S.W.3d at 266). "'[I]n making this determination,' we must undertake 'an exacting review of the entire record with a healthy regard for the constitutional interests at stake.'" *Id.* (alteration in original) (quoting *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (quoting *In re C.H.*, 89 S.W.3d at 26)). "We also recognize that the trial court, as the fact-finder, is the sole arbiter of a witness' demeanor and credibility, and it may believe all, part, or none of a witness' testimony." *In re A.M.*, No. 06-18-00012-CV, 2018 WL 3077784, at *3 (Tex. App.—Texarkana June 22, 2018, pet. denied) (mem. op.) (citing *In re H.R.M.*, 209 S.W.3d at 109).

"Despite the profound constitutional interests at stake in a proceeding to terminate parental rights, 'the rights of natural parents are not absolute; protection of the child is paramount.'" *In re L.E.S.*, 471 S.W.3d at 920 (quoting *In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2003) (quoting *In re J.W.T.*, 872 S.W.2d 189, 195 (Tex. 1994))) (citing *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003)). "A child's emotional and physical interests must not be sacrificed merely to preserve parental rights." *Id.* (quoting *In re C.A.J.*, 459 S.W.3d 175, 179 (Tex. App.—Texarkana 2015, no pet.) (citing *In re C.H.*, 89 S.W.3d at 26)).

### B. The Evidence at Trial

Scottie Rhodes, a conservatorship supervisor for the Department, testified that Mother had a "past CPS history" with "prior removals of her children." In an affidavit submitted to and considered by the trial court, Mother admitted that she had lost her parental rights to other children.

Rhodes said the Department became involved again after Ty was born prematurely and tested positive for amphetamines and cocaine. According to Rhodes, Ty weighed 1.8 pounds at birth, experienced symptoms of drug withdrawal, and required much medical intervention. Rhodes testified that Mother "admitted to knowing that she was pregnant and making the choice to use illegal substances knowing that it would harm [Ty]" and that she also "used illegal substances around . . . her older children." Rhodes said that criminal charges were filed against Mother after Parker and Katie tested positive for "significant levels" of drugs.

Rhodes said that the Department provided Mother with a family service plan but that she was unable to complete individual counseling, maintain stable housing, or remain drug-free. According to Rhodes, Mother continued to test positive for drugs during the pendency of the case, was jailed in March 2023,[2] and received a sentence of twenty-four months' confinement for child endangerment. She also said Mother failed to demonstrate that she could provide for the children. As a result, Rhodes believed that returning the children to Mother would endanger their physical and emotional well-being.

Rochelle Bass, the children's Court Appointed Special Advocate (CASA), testified that the children were all doing well with their foster placements and that terminating Mother's parental rights was in the children's best interests.

### C. Sufficient Evidence Supports the Ground E Finding

By her sole issue, Mother asserts that the evidence is legally and factually insufficient to support the trial court's findings under grounds D, E, P, and R. "Only one predicate finding

---

[2]Rhodes clarified that Mother had over six months to work on her family service plan before being incarcerated.

under Section 161.001[b](1) is necessary to support a judgment of termination when there is also a finding that termination is in the child[ren]'s best interest." *Id.* at 923 (quoting *In re O.R.F.*, 417 S.W.3d 24, 37 (Tex. App.—Texarkana 2013, pet. denied) (quoting *In re A.V.*, 113 S.W.3d at 362) (citing *In re K.W.*, 335 S.W.3d 767, 769 (Tex. App.—Texarkana 2011, no pet.))). Even so, when the trial court's findings under grounds D or E are challenged on appeal, due process demands that we review the evidence supporting the findings under at least one of those grounds. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam) ("We hold that due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under [S]ection 161.001(b)(1)(D) or (E) of the Family Code."). This is because termination of parental rights under these grounds may implicate the parent's parental rights to other children. *Id.* at 234; *see* TEX. FAM. CODE ANN. § 161.001(b)(1)(M) (Supp.) (providing as a ground for termination of parental rights that the parent "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E)").

Ground E permits the termination of a parent's parental rights "if the court finds by clear and convincing evidence . . . that the parent has . . . engaged in conduct . . . which endangers the physical or emotional well-being of the child[ren]." TEX. FAM. CODE ANN. § 161.001(b)(1)(E). Endanger "means more than a threat of metaphysical injury or potential ill effects of a less-than-ideal family environment." *In re E.N.C.*, 384 S.W.3d at 803. "'[E]ndanger' means to expose to loss or injury; to jeopardize." *Tex. Dep't of Hum. Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *In re N.S.G.*, 235 S.W.3d 358, 367 (Tex. App.—Texarkana 2007, no pet.); *see In re*

7

*L.E.S.*, 471 S.W.3d at 923. "It is not necessary that the conduct be directed at the child[ren] or that the child[ren] actually suffer injury." *In re L.E.S.*, 471 S.W.3d at 923. Under ground "(E), it is sufficient that the child[ren]'s well-being is jeopardized or exposed to loss or injury." *Id.* (citing *Boyd*, 727 S.W.2d at 533; *In re N.S.G.*, 235 S.W.3d at 367). "Further, termination under [ground] (E) must be based on more than a single act or omission. Instead, a 'voluntary, deliberate, and conscious course of conduct by the parent is required.'" *Id.* (quoting *Perez v. Tex. Dep't of Protective & Regul. Servs.*, 148 S.W.3d 427, 436 (Tex. App.—El Paso 2004, no pet.) (citing *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.))); *see Boyd*, 727 S.W.2d at 533; *In re N.S.G.*, 235 S.W.3d at 366–67.

Ground E "refers only to the parent's conduct, as evidenced not only by the parent's acts, but also by the parent's omissions or failures to act.'" *In re S.K.*, 198 S.W.3d 899, 902 (Tex. App.—Dallas 2006, pet. denied); *In re N.S.G.*, 235 S.W.3d at 366–67. The endangering conduct may also occur "either before or after the child[ren]'s removal by the Department." *In re Z.J.*, No. 02-19-00118-CV, 2019 WL 6205252, at *11 (Tex. App.—Fort Worth Nov. 21, 2019, pet. denied) (mem. op.) (citing *Walker v. Tex. Dep't of Fam. & Protective Servs.*, 312 S.W.3d 608, 617 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)).

"'Because it exposes the child[ren] to the possibility that the parent may be impaired or imprisoned, illegal drug use may support termination under' Ground E." *In re H.M.J.*, No. 06-18-00009-CV, 2018 WL 3028980, at *5 (Tex. App.—Texarkana June 19, 2018, no pet.) (mem. op.) (quoting *In re A.L.*, No. 06-14-00050-CV, 2014 WL 5204888, at *7 (Tex. App.—Texarkana Oct. 8, 2014, no pet.) (mem. op.) (quoting *Walker*, 312 S.W.3d at 617)). "Drug use and its effect

on a parent's life and [her] ability to parent may establish an endangering course of conduct." *Id.* (quoting *In re J.L.B.*, 349 S.W.3d at 848 (quoting *In re N.S.G.*, 235 S.W.3d at 368)); *In re J.O.A.*, 283 S.W.3d 336, 345 n.4 (Tex. 2009); *In re S.N.*, 272 S.W.3d 45, 52 (Tex. App.—Waco 2008, no pet.) ("Evidence of illegal drug use or alcohol abuse by a parent is often cited as conduct which will support an affirmative finding that the parent has engaged in a course of conduct which has the effect of endangering the child."). In our analysis under ground E, we may also consider a parent's failure to complete relevant requirements of a family service plan. *In re Z.J.*, 2019 WL 6205252, at *11; *In re U.H.R.*, No. 07-18-00318-CV, 2019 WL 81874, at *5 (Tex. App.—Amarillo Jan. 2, 2019, no pet.) (mem. op.).

Here, clear and convincing evidence supported the trial court's conclusion that Mother engaged in an endangering course of conduct. The evidence showed that Mother had previously lost her parental rights to her other children, exposed Parker and Katie to drugs, and used amphetamine and cocaine while pregnant with Ty in spite of the physical risks to him. Even while faced with termination of her parental rights, Mother continued to use drugs during the pendency of the case. "A parent's failure to remain drug-free while under the Department's supervision will support a finding of endangering conduct under [ground] (E) . . . ." *In re H.M.J.*, 2018 WL 3028980, at *5 (quoting *In re J.A.W.*, No. 02-08-215-CV, 2009 WL 579287, at *4 (Tex. App.—Fort Worth Mar. 5, 2009, no pet.) (per curiam) (mem. op.) (citing *Vasquez v. Tex. Dep't of Protective & Regul. Servs.*, 190 S.W.3d 189, 196 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)). Mother also failed to complete her family service plan and was jailed for child endangerment, which exposed the children to the loss of a parent for twenty-four months.

9

From the above-recited evidence, we conclude that the record firmly established that Mother engaged in a course of conduct that endangered the children's physical and emotional well-being. As a result, we find that legally and factually sufficient evidence supported the trial court's finding under ground E.

Since there was sufficient evidence supporting the trial court's finding under ground E, we need not review its findings under grounds D, P, and R. *See J.T. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-21-00070-CV, 2021 WL 2672055, at *9 (Tex. App.—Austin June 30, 2021, no pet.) (mem. op.); *In re M.F.*, No. 14-19-00964-CV, 2020 WL 2832166, at *8 (Tex. App.—Houston [14th Dist.] May 28, 2020, pet. denied) (mem. op.). We overrule Mother's sole point of error.

## II.      Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:      February 2, 2024
Date Decided:        February 5, 2024